W. C. RECTOR, ADMINISTRATOR OF L. I. JENNINGS, v. W. W. LYDA, ADMINISTRATOR OF J. MANLY LYDA.

(Filed 8 December, 1920.)

**Contracts—Debtor and Creditor—Mortgages—Purchaser—Assumption of Debt—Actions—Parties.**

> Under the present equitable doctrine, the mortgagee may directly sue the grantee of the mortgagor owing the debt, who has assumed the debt for a consideration, without joining the mortgagor in the action, or first foreclosing the mortgage and applying the proceeds of the sale to the debt, upon the principle that one for whose benefit a promise has been made to another upon a consideration may maintain an action upon the promise, though not a party or privy to the contract.

APPEAL by plaintiff from *Long, J.,* at May Term, 1920, of HENDERSON.

On 24 March, 1915, J. Hudson Williams executed his note and mortgage securing the sum of $2,000 to L. I. Jennings, and afterwards conveyed the land described in the mortgage to J. Manly Lyda, the latter agreeing to assume and pay, as part of the consideration of the deed to him by Williams, the mortgage debt due by Williams to Jennings, both Jennings and Lyda having since died, and being represented in this action by their administrators.

The jury having by their verdict found that the defendant, W. W. Lyda, administrator of J. Manly Lyda, is indebted to the plaintiff, W. C. Rector, administrator of L. I. Jennings, upon the note, in the sum of $2,000, the principal thereof, with interest, judgment was entered for that amount, but the court directed therein that no execution should issue until the mortgage should be foreclosed, and the amount of the deficiency ascertained for which execution should issue. Plaintiff excepted and appealed.

37—180

*Staton & Rector and G. H. Valentine for plaintiff.*
*No counsel for defendant.*

WALKER, J., after stating the case: The learned judge followed the former rule in equity, but later decisions in this, and many other courts, have held that the plaintiff mortgagee is entitled to judgment and execution against the purchaser from the mortgagor, who has assumed the payment of the mortgage debt, without any such condition. The authorities thus state the old and the new rule. The doctrine of equity is that when the grantee in a deed assumes the payment of the mortgage debt, he is to be regarded as the principal debtor, and the mortgagor occupies the position of a surety; and the mortgagee is permitted to resort to the grantee to recover the deficiency after applying the proceeds of a sale of the mortgaged premises, and this by the equitable rule that the creditor is entitled to the benefit of all the collateral securities which his debtor has obtained to reinforce the principal obligation, though his right is strictly an equitable one, and its exercise at law has been refused. But the broad doctrine has since been laid down, that one for whose benefit a promise is made to another may maintain an action upon the promise, though he was not a party to the agreement or privy to the consideration thereof; and it was then held in unqualified terms that whoever has for a valuable consideration assumed and agreed to pay another's debt may be sued directly by the creditor, and that a mortgagee or other incumbrancer may maintain a personal action against a purchaser from the owner of the equity of redemption who has agreed with his grantor to assume and pay off the incumbrance, if the party with whom the agreement was made was himself personally liable upon the mortgage debt. Sheldon on Subrogation (2 ed.), pp. 128-129, sec. 85. We have in recent cases held that where a contract between two parties is made for the benefit of a third, the latter may sue thereon and recover although not strictly a privy to the contract. *Mason v. Wilson,* 84 N. C., 51; *Stanley v. Hendricks,* 35 N. C., 86; *Draughan v. Bunting,* 31 N. C., at p. 13; *Threadgill v. McLendon,* 76 N. C., 24; *Voorhees v. Porter,* 134 N. C., 591, and cases in Anno. Ed., at p. 606; *Morton v. Water Co.,* 169 N. C., 468; *Withers v. Poe,* 167 N. C., 372; *Gorrell v. Water Co.,* 124 N. C., 328; *Crumpler v. Hines,* 174 N. C., 285; *Gastonia v. Engineering Co.,* 131 N. C., 363; *Baber v. Hanie,* 163 N. C., 588.

It was said by *Judge Pearson,* in *Threadgill v. McLendon, supra,* that "the promise is binding and inures directly to the benefit of the creditor, because the promisor has received the consideration, and in justice should be made to perform his undertaking," and the same judge restates the same principle in *Draughan v. Bunting, supra,* where one bought property, and as part of the consideration for the purchase, expressly

promised to pay a debt of the seller, which is our case, and *Voorhees v. Porter, supra,* is also like it. In *Lacy v. Webb,* 130 N. C., 545, it was said: "If the State had been nothing more than the beneficiary of the bonds it could maintain this action, and 'it is not the case either of subrogation or substitution.' The party, in other words, for whose benefit the contract is made, is the real party in interest under the Code, and sues in his own right and not in another's right, to which he is subrogated by any principle of equity, and especially is this true when the money due under the contract is made payable directly to him." The doctrine stated in *Mason v. Wilson, supra,* is that if a person, for a consideration received by him from the debtor, promises to pay the latter's antecedent debt, the creditor for whose benefit the promise was made may recover directly from the promisor the amount he had undertaken to pay. "Although," says the Court in that case, "the promise is in words to pay the debt of another, and the performance of it discharges that debt, still the consideration was not for the benefit or ease of the original debtor, but for a purpose entirely collateral, so as to create an original and distinct cause of action," and it is added to this passage, in *Voorhees v. Porter, supra,* at margin p. 604, that "it is immaterial, as is further said by the Court, whether the liability of the original debtor is continued or not, the promise being an independent and original one, founded upon a new consideration, and binding upon the promisor." It is also said ·in *Mason v. Wilson, supra,* that a direct action will lie against the promissor, "when the promise to pay the debt of another arises out of some new and original consideration of benefit, or harm, moving between the principal contracting parties." This question is fully considered in *Voorhees v. Porter, supra.* The case of *Woodcock v. Bostic,* 118 N. C., 822, which asserted the equitable remedy as being the only one, has since been distinguished by the present *Chief Justice,* in *Gastonia v. Engineering Co.,* 131 N. C., at margin p. 369, along with *Morehead v. Wriston,* 73 N. C., 398, and *Peacock v. Williams,* 98 N. C., 324, and upon the ground that it did not appear in those cases that the third party had a right to any benefit under the contract, and, therefore, as to him it was *res inter alios acta.*

The modern or present principle is thus stated by an able text-writer: The doctrine now generally accepted gives him (the mortgagee) the option either to proceed directly against the purchaser on the covenant or to enforce the latter's liability in a suit for foreclosure, and if he chooses the former he may sue the purchaser in an action at law, without the concurrence of the mortgagor; and the same right accrues to the assignee of the mortgage or to any one standing in the place of the mortgagee. 27 Cyc., p. 1351. It follows that J. Manly Lyda, having assumed the obligation, and having promised to pay the debt directly to

L. I. Jennings, the creditor and mortgagee, an action will lie by Jennings' administrator against Lyda's administrator, to recover it, before there is any foreclosure of the mortgage.

We do not see, in this case, how the assignee of Lyda can be prejudiced, for if the administrator pays the mortgage debt, it relieves the land, which is the same described in both the deed and the mortgage.

Plaintiff is entitled to an unconditional judgment, which may be enforced against the administrator of Lyda as the law directs.

The judgment will be accordingly modified.

Modified and affirmed.