G. V. KELLER v. B. F. PARRISH ET AL.

(Filed 13 March, 1929.)

1. **Mortgages—Transfer of Property Mortgaged—Liability of Mortgagor After Transfer.**

    By selling the mortgaged premises the mortgagor of lands is not relieved of his personal liability upon the note secured by the mortgage, outstanding in the hands of a holder in due course.

2. **Estoppel by Deed—Mortgages—Purchaser of Equity of Redemption.**

    The grantees of land subject to a mortgage are estopped to deny the validity of the mortgage.

3. **Mortgages—Transfer of Property Mortgaged—Liability of Purchaser of Equity of Redemption.**

    Where the grantees in a deed to lands expressly assume an existing mortgage debt thereon they become liable not only to the mortgagor, but directly to the holder of the note secured by the mortgage who has acquired it for a valuable consideration in due course.

4. **Mortgages—Foreclosure by Action—Deficiency and Personal Liability —Purchaser of Equity of Redemption—Contracts.**

    Where the purchaser of the equity of redemption in his deed expressly assumes the payment of the note secured by the mortgage, the holder of the note may enforce the payment against the purchaser of the equity of redemption personally to the extent of the deficiency after applying the proceeds of the sale upon the note, under the principle that one for whose benefit a contract is made may recover thereon.

**5. Same—Rights of Mortgagee—Release—Consent of Mortgagee.**

Where the purchaser of an equity of redemption assumes the payment of a prior mortgage note, an agreement between him and the mortgagor, releasing him from liability upon the reconveyance of the equity of redemption to the mortgagor, is not binding upon the holder of the mortgage note where he has not consented thereto, and his right to recover, being directly upon the promise made for his benefit, the mortgagor is not a necessary party in his action to recover for the deficiency after the sale.

**6. Mortgages—Foreclosure by Action—Sale—Right of Mortgagee to Bid in Property.**

The holder of a note secured by a mortgage on lands may bid at a judicial sale of foreclosure under a decree of court authorizing the sale, and acquires title in the absence of fraud.

APPEAL by plaintiff from *Nunn, J.,* at February Term, 1928, of HARNETT. New trial.

On 26 December, 1919, W. H. Hatcher and wife conveyed a tract of land to E. M. Cain and wife at the price of $10,000. Cain and his wife then executed a mortgage to the Federal Land Bank of Columbia for $4,000, gave the proceeds of the loan, approximately $4,000, to Hatcher, and executed to him a second mortgage on the land to secure notes amounting to $6,000.

On 14 January, 1920, Cain and his wife conveyed the land to B. F. Parrish and N. T. Patterson, since deceased, and received therefor $1,400 in cash. This deed has the following clause: "This deed, however, is made subject to two mortgages, one made by E. M. Cain and wife to the Federal Land Bank, securing $4,100, and the other mortgage made by E. M. Cain and wife to W. H. Hatcher, securing $6,000, and both of these obligations are assumed by N. T. Patterson and B. F. Parrish, the grantees to this deed." Thereafter Hatcher endorsed to the plaintiff the notes aggregating $6,000 in part payment of the purchase price of a dairy business and the plaintiff became a holder of the notes in due course, but the mortgage was not assigned until 1 April, 1921. After the plaintiff took these notes Parrish and Patterson reconveyed the land to Cain by deed dated 2 January, 1921, which contained this clause: "And by making this conveyance said E. M. Cain assumes all liability and obligations outstanding against this land as far as the said B. F. Parrish may be liable, and releases the said B. F. Parrish from any and all obligations with reference to said land," the conveyance by Patterson's heirs containing a similar clause. In 1922 the plaintiff brought suit in Harnett County against E. M. Cain and others (neither Parrish nor Patterson's heirs being parties) to foreclose the mortgage assigned to the plaintiff by Hatcher and to restrain Cain from exercising further ownership over the land. A receiver was ap-

pointed to take charge of the farm and to carry out a contract made by Cain for the sale of timber, and a commissioner was appointed to sell the land. There was evidence of an agreement by the plaintiff that if Cain would not oppose the foreclosure and injunctive relief he would pay Cain's attorney and the costs and release Cain from all obligations on account of the indebtedness represented by the notes executed to Hatcher. There was also evidence that the plaintiff knew Cain had reassumed the obligations of Parrish and Patterson, but not that he assented thereto, or that he released Parrish from the debt he had assumed.

The object of the action was to recover of Parrish the remainder alleged to be due on the notes and to subject certain lands to execution for payment.

The verdict was as follows:

1. Did the plaintiff, G. V. Keller, acquire as a holder in due course the series of notes of E. M. Cain and wife, aggregating $6,000, secured by a mortgage of E. M. Cain and wife, to W. H. Hatcher and wife, as alleged in the complaint? Answer: Yes. (By consent.)

2. Did the defendant, B. F. Parrish, with the joinder of N. T. Patterson, by accepting the deed of E. M. Cain and wife, registered in Book 194, page 311, registry of Harnett County, assume the payment of said indebtedness as alleged in the complaint? Answer: Yes. (By consent.)

3. If so, did the defendant, B. F. Parrish, on 3 January, 1921, by his deed registered on 4 January, 1921, reconvey the mortgaged premises to E. M. Cain, and by accepting said deed did E. M. Cain assume the payment of said mortgage and contract thereby to relieve the defendant Parrish from payment of the mortgage theretofore assumed by him? Answer: Yes. (By consent.)

4. Did the plaintiff, G. V. Keller, after knowledge of the reconveyance of the mortgaged premises from Parrish to Cain, cause said land to be foreclosed by a suit instituted by him in Harnett Superior Court, in which suit the defendant, B. F. Parrish, was not made a party? Answer: Yes. (By consent.)

5. Did the plaintiff, G. V. Keller, become the last and highest bidder at said sale at the price of $1,700, for defendant Cain's equity, and have deed to the mortgaged premises executed and delivered to him and go into possession of said mortgaged premises by virtue of said deed? Answer: Yes. (By consent.)

6. Did the plaintiff, G. V. Keller, with knowledge that B. F. Parrish had reconveyed the mortgaged premises to E. M. Cain have a settlement with said E. M. Cain and relieve him from further liability upon said indebtedness as alleged in the answer? Answer: Yes.

7. Was the defendant, E. M. Cain, at the time of executing the deed to Parrish and Patterson, and at all times thereafter, insolvent? Answer: Yes. (By consent.)

8. What was the fair market value of the mortgaged premises on the date of the foreclosure sale, 5 August, 1922? Answer: $11,000.

9. What amount of rents from the land, and receipts from the sale of timber, if any, were received by plaintiff before the sale of said land in the foreclosure proceedings? Answer: $2,500.

10. Is the plaintiff's cause of action barred by the three years statute of limitations? Answer: No.

11. What amount, if any, is the plaintiff entitled to recover of the defendant, B. F. Parrish? Answer: Nothing.

Judgment for defendant. Appeal by the plaintiff upon error assigned.

*J. R. Baggett and Whitlock, Dockery & Shaw for plaintiff.*
*Young & Young and J. C. Clifford for defendants.*

ADAMS, J. By selling the mortgaged premises to Parrish and Patterson, the mortgagors, E. M. Cain and his wife, were not relieved of their personal liability on the notes which they had executed to Hatcher and which Hatcher afterwards endorsed and transferred to the plaintiff. And because they accepted their deed subject to the mortgages the grantees were estopped to deny that the mortgages were valid. They became personally liable, not only to their grantor, but directly to the holder of the notes and mortgages. *Baber v. Hanie,* 163 N. C., 588. It is therefore apparent that the question immediately confronting us is addressed to the relation existing between the several parties—the mortgagors, the purchasers of the equity of redemption, and the plaintiff who holds in due course the notes that were given to Hatcher. Is the relation to be determined by the application of legal or equitable principles?

In *Baber v. Hanie, supra,* the Court said there are two grounds for the recovery by a mortgagee from a vendee of the mortgagor of a deficiency in the mortgage debt after foreclosure: equitable subrogation and the broad principle that a third person may maintain an action on a contract made for his benefit. It was remarked that the case presented a good opportunity for the application of the latter principle, but that the decisions of the Court had not gone so far. The case was therefore decided by applying the doctrine of equitable subrogation.

It was said that the right of the mortgagee to hold the purchaser of the equity of redemption upon his agreement to assume the payment of the mortgage debt was not enforceable in an action at law upon the agreement between the mortgagor and the purchaser, but was enforceable as a collateral stipulation obtained by the mortgagor, which by

equitable subrogation inured to the benefit of the mortgagee. The mortgagee's privilege being that of subrogation to the rights of the mortgagor, the mortgagee could enforce the personal liability of the purchaser only to the extent of the deficiency upon a foreclosure of the mortgaged premises—and then only if the mortgagor was himself personally liable for the mortgage debt. As between themselves the purchaser occupied the position of principal debtor and the mortgagor that of surety. In the *Baber case* four successive grantees had assumed the mortgagor's debt; and it was held that the doctrine of subrogation extended to the whole number, the last and intervening purchasers of the equity of redemption being bound, not only to the first purchaser, but to his vendor and to the mortgagee after the latter had applied to his debt the proceeds arising from a sale of the mortgaged premises.

In *Rector v. Lyda,* 180 N. C., 577, *Walker, J.,* resorted to the legal principle which he had declined to apply in *Baber v. Hanie.* The statement in *Rector's case* is to this effect: Hudson Williams, after executing to L. I. Jennings his note and mortgage to secure the payment of $2,000 conveyed the land described in the mortgage to Manly Lyda, who assumed the mortgage debt as part consideration for his purchase. Having died, Jennings and Lyda were represented by their administrators. A verdict was returned in favor of the administrator of Jennings against the administrator of Lyda and judgment was rendered for the amount demanded with interest, but the trial court, conforming to the decision in *Baber v. Hanie,* directed that no execution should issue until the mortgage was foreclosed and the amount of the deficiency ascertained. On appeal this Court modified the judgment by striking out the clause requiring foreclosure of the mortgage and held that without foreclosure the action could be maintained. It was said in the opinion that the trial judge had followed the former rule in equity, but that the action could be maintained on the broad principle that one for whose benefit a promise is made to another may maintain an action upon the promise though neither a party to the agreement nor a privy to the consideration. The deduction was that a mortgagee may maintain a personal action against a purchaser of the equity of redemption who has agreed with his grantor to pay off the incumbrance if the grantor was himself personally liable upon the mortgage debt—a deduction which is supported by the citations in the opinion and fortified by subsequent decisions. *Parlier v. Miller,* 186 N. C., 501; *Glass Co. v. Fidelity Co.,* 193 N. C., 769. See Annotation, 21 A. L. R., 413, 454. The party for whose benefit the contract is made, being the real party in interest, sues in his own right, not in that of another. Hence it was said in *Voorhees v. Porter,* 134 N. C., 591, 604, that it is immaterial whether the liability of the original debtor is continued or not. Upon this principle the

47—196

plaintiff's release of the mortgagor would not of itself bar the plaintiff's right of recovery. True, the answer to the sixth issue embraces the additional finding that the plaintiff agreed to this release, knowing that Parrish had reconveyed the premises to the mortgagor; but it was held in *Rector v. Lyda, supra,* that the mortgagee could proceed directly against the grantee or purchaser in an action at law without the concurrence of the mortgagor. By virtue of his promise Parrish became the principal debtor to the mortgagee; he knew that the plaintiff was the assignee of the Hatcher notes; he reconveyed to the mortgagor without consideration. However this transaction may have affected the relation between Parrish and the mortgagor, it did not (the plaintiff not consenting) change the relation existing between Parrish and the plaintiff who, having purchased the notes upon the mortgagee's representation that Parrish was solvent, sought to enforce the right which accrued to him as the assignee of the mortgagee. Indeed, the action could have been maintained without a foreclosure of the mortgage *(Rector v. Lyda, supra); a fortiori* could it be maintained after foreclosure and the admitted insolvency of the mortgagor. After the mortgagee has accepted or acted on the faith of the contract the mortgagor and the grantee may not change or annul it in the absence of the mortgagee's consent. 41 C. J., 749, sec. 815. It follows, then, that the answer to the sixth issue is not a bar to the plaintiff's recovery.

It is contended, in the next place, that the defendant, Parrish, was a necessary party to the suit for foreclosure, but we do not concur. We must not lose sight of the plaintiff's remedy. He seeks to enforce his right against Parrish, not by a suit in equity, but by an action at law. The action could be maintained without the concurrence of the mortgagor upon the theory that Parrish's promise to pay the debt constitutes a contract between him and the mortgagor for the benefit of the plaintiff. The action is in the nature of assumpsit. The case of *Woodcock v. Bostic,* 118 N. C., 822, is explained in *Rector v. Lyda, supra.* Foreclosure and a sale of the premises was not a condition precedent to the right of the plaintiff to proceed against Parrish. 41 C. J., 750, sec. 819; 753, sec. 822. "The mortgagee, under the rule allowing a third person to sue at law upon a contract made for his benefit may sue without regard to the personal liability of the mortgagor when the grantee has promised upon a sufficient consideration to pay the debt." *Ibid.,* 755, sec. 827; *Voorhees v. Porter, supra.* Besides, Parrish reconveyed the land to Cain on 2 January, 1921; the decree of foreclosure was made on 22 May, 1922, and at this time Parrish, while liable in assumpsit on the debt, had no interest in the land. If he had previously occupied the position of mortgagor he was not a necessary defendant in the foreclosure because he had parted with his interest and upon this ground denied that he was

liable to the plaintiff. *Bernard v. Shemwell,* 139 N. C., 446. As we have already pointed out, the reassumption of the debt by the mortgagor did not, in the absence of the plaintiff's consent, release the defendant from liability to the plaintiff upon his original promise.

It will be noted in reference to the eighth issue that the plaintiff did not acquire title to the land by purchasing at his own sale, but at a judicial sale at which he was authorized to bid by the decree of foreclosure, and fraud in conducting the sale was neither proved nor alleged. For the errors complained of there must be a

New trial.