OTIS GREEN v. BERNARD ELIAS.

(Filed 22 January, 1930.)

1. **Mortgages H m—Purchaser at foreclosure sale does not assume personal liability on prior encumbrances, but may not attack their validity.**

   Where the purchaser of lands at a foreclosure sale of a deed of trust takes title subject to registered encumbrances prior to the deed of trust foreclosed, he does not thereby assume personal liability for the prior encumbrances, but takes title subject thereto, but he may not contest the validity of the prior encumbrances nor the amount secured thereby.

2. **Mortgages H k—Where mortgagee bids in property at foreclosure sale of purchase money mortgage he may recover deficiency from mortgagor.**

   Where the grantor of lands takes a deed of trust from the grantee to secure the balance of the purchase price, and the deed of trust is foreclosed and the grantor bids in the property at the foreclosure sale for an amount less than the full amount secured by his deed of trust, in his suit against the grantee to recover the deficiency a judgment in his favor for the amount secured by his deed of trust and the costs of foreclosure less the amount paid by him at the foreclosure sale is proper.

3. **Mortgages F b—Where purchaser of equity of redemption assumes prior encumbrances his grantor may recover sums paid in discharge thereof.**

   Where the owner of lands sells to another by deed in which, as a part of the purchase price, the grantee expressly assumes prior encumbrances on the land, and in payment of the balance of the purchase price pays the grantor a sum of money and executes a deed of trust securing notes for the remainder, and upon the grantee's default in the payment of some of the notes secured by the prior encumbrances, the grantor pays them, and later his deed of trust is foreclosed: *Held,* as between the grantor and the grantee the relation of principal and surety existed as to the prior encumbrances, and the grantor may recover against the grantee the sums paid by him in discharge thereof, and where the grantor has bought in the property at the foreclosure of his own deed of trust and accepts the deed of the trustee made subject to prior encumbrances, the grantee may not set up as a counterclaim or set-off in the grantor's action to recover the deficiency the amount he has paid on the notes secured by the prior encumbrances.

GREEN v. ELIAS.

APPEAL by defendant from *Johnston, Special Judge,* at July Term, 1929, of BUNCOMBE. Affirmed.

From judgment on facts agreed that plaintiff recover of defendant (1) the sum of $7,751.05, with interest thereon from 18 August, 1928; (2) the sum of $3,000, with interest thereon from 1 January, 1928; and (3) the sum of $2,416, with interest thereon from 29 March, 1928, together with the costs of the action, defendant appealed to the Supreme Court.

*Clinton W. Hughes for plaintiff.*
*Bernard, Williams & Wright for defendant.*

CONNOR, J. On 11 February, 1926, plaintiff conveyed to defendant certain land situate in Buncombe County, N. C. The purchase price for said land was paid to plaintiff by defendant, partly in cash, partly in notes executed by defendant, payable to plaintiff, and partly by defendant's agreement with plaintiff to assume and pay certain notes on which plaintiff was liable, the said notes being secured by deeds of trust on said land, which had been duly registered prior to the conveyance of the land by plaintiff to defendant.

Defendant paid to plaintiff, at the date of the conveyance of the land to him by plaintiff, in cash, the sum of $10,312.50; he executed and delivered to plaintiff his three notes, each for the sum of $3,895.83, all bearing interest from date. These notes, aggregating the sum of $11,687.49, were secured by a deed of trust on the land, executed by defendant. Defendant thus paid to plaintiff on the purchase price for said land the sum of $22,000.

Plaintiff had purchased said land from Zeb V. Nettles and R. C. Scruggs, who conveyed the same to plaintiff on 1 January, 1926. In part payment of the purchase price for said land plaintiff had executed and delivered to the said Zeb V. Nettles and R. C. Scruggs his six notes, each for the sum of $1,208, all bearing interest from date. These notes were secured by a deed of trust on said land, executed by plaintiff. Upon the conveyance of the land to him by the plaintiff, defendant expressly assumed the payment of these notes, aggregating the sum of $7,250, in part payment of the purchase price for said land.

Prior to the conveyance of said land to plaintiff, the said Zeb V. Nettles and R. C. Scruggs had executed a deed of trust on said land to secure the payment of four notes, each for the sum of $3,000 executed by them and payable to E. C. Carrier. In part payment of the purchase price for said land to the said Zeb V. Nettles and R. C. Scruggs, plaintiff had assumed the payment of their said notes, aggregating the sum of $12,000. Upon the conveyance of the land to him by the plaintiff,

defendant expressly assumed the payment of these notes, in part payment of the purchase price for said land.

The notes secured by prior deeds of trust on said land, for which plaintiff was liable, as maker or by reason of his agreement with his grantors, and which defendant assumed in part payment of the purchase price for the land conveyed to him by plaintiff, amounted to the sum of $19,250. The total purchase price for said land, which defendant paid or agreed to pay to plaintiff was $41,250.

After plaintiff conveyed the land to defendant, defendant paid one of the notes, payable to E. C. Carrier, and two of the notes, payable to Zeb V. Nettles and R. C. Scruggs, in accordance with his agreement with plaintiff. The total amount paid by defendant in discharge of his liability on said notes, by reason of his agreement with plaintiff was $5,416, and accrued interest. Defendant has failed to pay the remainder of said notes.

Upon defendant's default in his agreement with plaintiff, to pay the same, plaintiff, by reason of his liability thereon, paid one of the notes payable to E. C. Carrier, and two of the notes payable to Zeb V. Nettles and R. C. Scruggs. The total amount paid by plaintiff, for which defendant was liable by reason of his agreement with plaintiff, was $5,416, and accrued interest.

Upon default by defendant in the payment of the notes executed by him, payable to plaintiff, the deed of trust securing said notes was foreclosed by the sale of the land conveyed thereby on 7 August, 1928. The land was offered for sale by the trustee "subject to prior mortgages, liens and encumbrances, amounting to $21,725.36, taxes and street assessments." Plaintiff bid for the land, as offered by the trustee, the sum of $5,000. This bid was duly reported by the trustee to the clerk of the Superior Court of Buncombe County. The bid was accepted and the sale in accordance therewith was duly confirmed. Pursuant to the order of confirmation, the land was conveyed by the trustee to plaintiff, upon his payment of the amount of his bid, to wit, $5,000, "subject to prior mortgages, liens and encumbrances, amounting to $21,725.36, taxes and street assessments." The sum of $5,000 paid by plaintiff, in accordance with his bid, was applied as a payment on the notes executed by defendant, payable to plaintiff, and secured by the deed of trust, under which the land was sold, leaving a balance due on said notes of $7,751.05, with interest thereon from 18 August, 1928.

The total amount of the notes secured by deeds of trust, which were prior to the deed of trust under which the land was sold, with interest accrued to the date of the sale, was $21,725.36. This amount includes the notes which had been paid prior to the sale by plaintiff, to wit, a note for $3,000, payable to E. C. Carrier, and two notes, each for

$1,208, payable to Zeb V. Nettles and R. C. Scruggs. It also includes the notes paid by defendant in like amounts.

Plaintiff, by his acceptance of the deed of the trustee, conveying the land to him, "subject to prior mortgages, liens and encumbrances, amounting to $21,725.36, taxes and street assessments," did not assume or become personally liable for the said sum. *Harvey v. Knitting Mills,* 197 N. C., 177. His title to said land, however, is subject to the deeds of trust which are prior in registration to his deed from the trustee; until the amount secured by said deeds of trust has been paid, the plaintiff holds his title to the land subject to the amount secured by said deeds of trust. This amount was fixed and made certain by the terms on which the land was sold by the trustee and purchased by plaintiff. Plaintiff cannot contest the validity of the deeds of trust, nor the amount secured thereby. This action, however, has been brought by the plaintiff, not as the purchaser of the land, but as a creditor of defendant.

Upon the facts agreed, there was no error in the judgment that plaintiff recover of the defendant the sum of $7,751.05, with interest, this sum being the balance due on the notes executed by defendant and payable to plaintiff.

Nor was there error in the judgment that plaintiff recover of defendant the sum of $3,000, with interest, and the further sum of $2,416, with interest. These sums were paid by plaintiff, as surety for defendant, and only after defendant had defaulted in his agreement with plaintiff to pay the same. With respect to the notes for which these sums were paid, as between themselves, defendant was liable as principal, and plaintiff as surety. *Keller v. Parish,* 196 N. C., 733, 147 S. E., 9; *Rector v. Lyda,* 180 N. C., 577, 105 S. E., 170; *Baber v. Hanie,* 163 N. C., 588, 80 S. E., 57.

Defendant is not entitled to set up as a counterclaim or set off to the amounts which plaintiff is entitled to recover of him, the amounts paid by defendant in discharge of his liability on notes, which under his agreement with plaintiff he had assumed. Whether or not upon the facts agreed in this case, defendant has an equity to have the land sold for the payment of the entire amount of the notes secured by the deeds of trust, which are prior liens or encumbrances on the land purchased and now owned by plaintiff subject to such amount, if defendant shall be required by plaintiff to pay said amount, or any part thereof, by reason of his assumption of the notes secured by said deeds of trust, is a question not now presented for decision. Upon this question we express no opinion. The judgment in this action, which must be affirmed, will not prejudice defendant if he shall hereafter present this question for decision. The judgment is

Affirmed.