THE FEDERAL LAND BANK OF COLUMBIA v. ADA G. WHITEHURST AND HUSBAND, C. H. WHITEHURST; WILSON H. LEE AND WIFE, ELIZABETH H. LEE; DILL AND COMPANY, INCORPORATED, A CORPORATION; AND NEW BERN NATIONAL FARM LOAN ASSOCIATION.

(Filed 12 October, 1932.)

1. **Mortgages F b—Transferor of equity of redemption is not entitled to notice of default by his grantee who had assumed the debt.**

　　Where the mortgagor conveys his equity of redemption by deed in which the purchaser assumes the mortgage debt, and the purchaser in turn sells to another who also assumes the debt: *Held*, in an action by the

mortgagee to foreclose the mortgage and to recover from each of the parties, the contentions of the first purchaser of the equity of redemption that the mortgagee had collected interest directly from the second purchaser and had elected to pursue his remedy against him, that the mortgagee had failed to collect the installments on the debt as they became due and had failed to notify the first purchaser of the second purchaser's default thereon, and had failed to collect taxes advanced or prevent waste by the second purchaser, and that the first purchaser of the equity of redemption was entitled to an off-set or counterclaim therefor as against his liability on the mortgage debt is without merit, and a demurrer to his answer setting up such defenses is properly sustained, mere forbearance by the mortgagee not being sufficient to relase the first purchaser from liability on the mortgage debt assumed by him.

2. **Same: Novation A a—Assumption of mortgage debt by purchaser of equity of redemption does not constitute a novation.**

Where the grantee in a deed to lands merely assumes the indebtedness of a prior mortgage lien thereon the transaction is not a novation of the mortgage note, there being no element of a further consideration passing between the parties or a substitution of a new for an old or subsisting debt.

3. **Mortgages F b—Mortgagor is primarily liable to mortgagee but is surety as between himself and his grantee assuming the debt.**

As between the mortgagor and the mortgagee the mortgagor is primarily liable for the mortgage debt, but as between the mortgagor and his grantee assuming the debt the mortgagor is a surety, and the note and the mortgage are not merged, and the mortgagee may sue either *in rem* by foreclosure or *in personam* on the note against the mortgagor and against the purchaser of the equity of redemption on the contract made for the mortgagee's benefit.

4. **Mortgages H k—Under pleadings in this case stock redeemable upon payment of mortgage debt was not available as set-off.**

Where the purchaser of an equity of redemption assumes the mortgage debt in his deed and is sued by the mortgagee to recover thereon, and as a set-off or counterclaim the purchaser alleges ownership of certain stock redeemable upon payment of the mortgage debt without alleging by whom the stock was issued or by whom redeemable or that the mortgage debt had been paid: *Held*, upon the pleadings the purchaser is not entitled to set up the stock as a counterclaim in the mortgagee's action to recover on the debt assumed by the purchaser of the equity of redemption.

APPEAL by defendants, Wilson H. Lee and wife, Elizabeth H. Lee, from *Cranmer, J.*, at April Term, 1932, of CRAVEN. Affirmed.

This is an action brought by plaintiff to foreclose a certain mortgage given it by C. H. Whitehurst and wife, Ada G. Whitehurst, and prayer also for judgment against the Whitehursts, who gave the notes and mortgage, and Wilson H. Lee who assumed to pay same. The amount prayed for was $949.72 and interest from 1 January, 1930, at 5½ per cent interest in accordance with the terms of the notes and mortgage.

(1) C. H. Whitehurst and wife, Ada G. Whitehurst, on 5 May, 1925, borrowed from plaintiff the sum of $1,000, and gave a mortgage on 32.9 acres of land in New Bern Township, Craven County, North Carolina (particularly describing same), to secure the indebtedness. The indebtedness was evidenced by certain promissory notes made by C. H. Whitehurst wherein he promised to pay to the plaintiff or order, its successors or assigns, the sum of $1,000, together with interest thereon at the rate of 5½ per cent per annum from the date of said note to the first day of July, 1925, which interest was payable on that date; the said note further providing that after said date the whole amount of said principal sum remaining from time to time unpaid shall bear interest at the rate of 5½ per cent per annum, payable semiannually, both principal and interest being payable on an amortization plan in sixty-eight semiannual installments of $32.50 each, and a final installment of $32.42, the first installment being payable on 1 January, 1926, and the next installment on 1 July, 1926, and each successive installment being payable on the same date of each succeeding year thereafter until the entire amount shall be paid.

The mortgage was recorded in the register of deeds office for Craven County, North Carolina, on 5 May, 1925, Book 263, at p. 597. The mortgage also provided that the Whitehursts should pay all taxes assessed and insurance premiums, and if advanced by the Land Bank "tacked" on the mortgage and made a part thereof. The usual foreclosure clause on default was set forth in the mortgage.

(2) By deed, dated 4 March, 1926, duly recorded in Book 270, at page 270, register of deeds office for Craven County, North Carolina, C. H. Whitehurst and wife, Ada G. Whitehurst, conveyed the said land which was mortgaged to the plaintiff to the defendant, Wilson H. Lee, who assumed all the terms, covenants and conditions of the loan from the Whitehursts to plaintiff, and agreed with plaintiff and obligated himself *to pay the said notes secured by the mortgage and to carry* out the terms, covenants and conditions of the loan as contained in the before mentioned notes and mortgage to the plaintiff.

(3) By deed, dated 23 December, 1927, duly recorded in Book 283, at p. 159, register of deeds office for Craven County, North Carolina, Wilson H. Lee and wife, Elizabeth H. Lee, conveyed the said land mortgaged to plaintiff to the defendant Dill and Company, Incorporated, among other provisions, the said deed contained the following recital under the warranty clause: "Excepting and subject to the indebtedness of approximately $950.00 due the Federal Land Bank of Columbia by Ada G. Whitehurst and her husband, C. H. Whitehurst, dated 5 May, 1925, recorded in Book 263, at page 597, office of the register of deeds

of Craven County, which indebtedness party of the second part (Dill and Company, Incorporated) assumes and covenants to pay off according to the terms of said mortgage, which amount of indebtedness is expressly excepted from the warranty of this deed."

Dill and Company, Incorporated, defaulted in the payment of the indebtedness which it covenanted and agreed to pay. The defendant Wilson H. Lee contended that Dill and Company, Incorporated, was liable as principal debtor and he was released from the assumed obligation to plaintiff. For the reasons that (1) the defendant, Dill and Company, Incorporated, as purchaser and owner of said mortgaged premises, paid to plaintiff, the Federal Land Bank, and plaintiff received from said Dill and Company, Incorporated, the semiannual installment due on said loan for years 1928 and 1929, and the installment due 1 January, 1930, but thereafter defaulted in the payments due under the mortgage, and the installments were in arrears for two years prior to the commencement of this action, during all of which time plaintiff dealt entirely with defendant, Dill and Company, Incorporated, concerning the loan and the payment due thereon and looked entirely to it for payment of the debt and taxes.

(2) That plaintiff wrongfully and negligently failed to give defendant Wilson H. Lee prompt notice and make demand for payment of the semiannual installments and for the taxes assessed against said property and dealt with and looked solely to Dill and Company, Incorporated, and therefore plaintiff was guilty of laches and has no cause of action against him in law or equity.

(3) That he is entitled to a set-off and counterclaim against plaintiff for wrongfully and negligently not (a) collecting past-due installments, unpaid taxes, and penalties, etc., in the aggregate the sum of $445, itemizing them. (b) That plaintiff wrongfully and negligently failed to have a receiver appointed to take charge of the mortgaged land, collect the rents which were easily worth $50 each year for the years 1930 and 1931, and therefore entitled to a set-off and counterclaim in the sum of $100. (c) That plaintiff wrongfully and negligently permitted Dill and Company, Incorporated, to commit waste by cutting the timber and not applying it on the debt, and therefore entitled to a set-off and counterclaim in the sum of $250.

"9. That at the time the loan herein referred to was made, a certificate of stock was issued to the borrower, Ada G. Whitehurst, in the sum of $50, which is redeemable at its face value when the loan is paid in full, and as this defendant is advised and believes, in the event he is held liable for any sum or sums due under said mortgage, the proceeds from the said stock will inure to his benefit and the said amount is

especially pleaded as a further offset and counterclaim against any recovery sought by plaintiff against this answering defendant."

In the amended answer of Lee "3. That the defendant Wilson H. Lee is by written assignment the rightful owner and holder of the certificate of stock mentioned in paragraph 9 of defendants' answer and first further answer and further defense and it is averred that the said defendant Wilson H. Lee will be entitled to the said stock and the proceeds that may be derived therefrom in the event he is held liable for any sum or sums due under said mortgage as heretofore alleged."

The defendant Lee asks for a cross-judgment against Dill and Company, Incorporated, if judgment is recovered against them by plaintiff. The plaintiff demurs to defendant Wilson's answer and amended answer in part: "There was no duty in law, and none alleged, upon plaintiff to make demand upon defendant for the payment of the installments of the note when due, or to give him notice of the nonpayment: No facts constituting negligence or laches are alleged. Such negligence or laches, if alleged and proved, would not constitute a defense to plaintiff's right of recovery and to foreclose its mortgage. Such negligence or laches, if alleged and proved, would not entitle defendant to damages as a set-off or counterclaim against plaintiff; it is nowhere alleged that plaintiff was notified by defendant to bring suit or use diligence to save defendant harmless. It is nowhere alleged that plaintiff had knowledge or was given notice of the cutting of timber by Dill and Company, Incorporated. The defendant, W. H. Lee, having admitted the assumption of the debt, is not, as a matter of law, released from his liability for the payment thereof by failure of the plaintiff, whether negligent or otherwise, to notify defendant of its maturity and the failure of Dill and Company, Incorporated, to make payment, or the failure of Dill and Company, Incorporated, to pay taxes on the mortgaged land, or to compel Dill and Company, Incorporated, to pay the installments and taxes, or to collect rents or prevent waste on the mortgaged land; and such failure of plaintiff to make demand, or give notice, or compel payment, or collect rents, or prevent waste, does not constitute a valid defense to plaintiff's recovery of judgment against said defendant, Wilson H. Lee, and does not constitute valid grounds or cause for counterclaim or set-off in favor of said defendant against plaintiff. The right to the proceeds of the redemption of said stock does not as a matter of law entitle the defendant, W. H. Lee, to a set-off or counterclaim against plaintiff in this action. Wherefore, plaintiff prays that judgment be entered as prayed in the complaint."

The court below, Cranmer, J., upon demurrers of plaintiff to the answer and amended answer of defendants, Wilson H. Lee and wife,

Elizabeth H. Lee, the demurrers were sustained and judgment entered against all the defendants, and as to them, the defendants, Wilson H. Lee and wife, Elizabeth H. Lee, excepts, assigns error to the judgment as signed and appealed to the Supreme Court.

*John A. Guion and Harry D. Reed for plaintiff.*
*Lawrence A. Stith and Moore & Dunn for defendants Wilson H. Lee and wife, Elizabeth H. Lee.*

CLARKSON, J. The questions presented on this appeal: (1) When defendant, answering complaint for foreclosure of a mortgage, admits execution of note and mortgage by the original mortgagor, and purchase of land from mortgagor and assumption of the debt and mortgage by him, and default in payment, is his plea of subsequent conveyance by him to another who assumed the mortgage, and failure of the mortgagee to collect installments of the debt and taxes and to give him notice of the defaults and to prevent waste on the land a valid defense in bar of plaintiff's recovery of judgment against him or valid ground for a counterclaim? (2) Is defendant's allegation of ownership of stock certificate, redeemable on payment of the mortgage debt, sufficient to constitute a valid counterclaim against plaintiff, it not being alleged by whom the stock was issued or by whom it is redeemable or that the debt has been paid? We think that both questions must be answered in the negative.

This Court in *Rector v. Lyda,* 180 N. C., at p. 578, citing numerous authorities, speaking to the subject, says: "The authorities thus state the old and the new rule. The doctrine of equity is that when the grantee in a deed assumes the payment of the mortgage debt, he is to be regarded as the principal debtor, and the mortgagor occupies the position of a surety; and the mortgagee is permitted to resort to the grantee to recover the deficiency after applying the proceeds of a sale of the mortgaged premises, and this by the equity rule that the creditor is entitled to the benefit of all the collateral securities which his debtor has obtained to reinforce the principal obligation, though his right is strictly an equitable one, and its exercise at law has been refused. But the broad doctrine has since been laid down, that one for whose benefit a promise is made to another may maintain an action upon the promise, though he is not a party to the agreement or privy to the consideration thereof; and it was then held in unqualified terms that whoever has for a valuable consideration assumed and agreed to pay another's debt may be sued directly by the creditor, and that a mortgagee or other incumbrancer may maintain a personal action against a purchaser from the

owner of the equity of redemption who has agreed with his grantor to assume and pay off the incumbrance, if the party with whom the agreement was made was himself personally liable upon the mortgage debt. Sheldon on Subrogation (2d) pp. 128-9, sec. 85. We have in recent cases held that where a contract between two parties is made for the benefit of a third, the latter may sue thereon and recover although not strictly a privy to the contract."

One of the leading cases on the subject—*Baber v. Hanie,* 163 N. C., 588, is cited. See 21 A. L. R., 411, 423, 433; *Parlier v. Miller,* 186 N. C., 501; *Keller v. Parrish,* 196 N. C., 733; *Green v. Elias,* 198 N. C., 256; *Brown v. Turner,* 202 N. C., 227.

We think on all the evidence in this case, there was no novation, express or implied. There was no substitution of a new debt or obligation for an existing one.

In *Brown v. Turner, supra,* at pages 229-30, the following is said: "The doctrine that the purchaser of an equity of redemption assuming the payment of the mortgage debt is the principal and his grantor the surety, obtains as between themselves and does not preclude the mortgagee from proceeding against the mortgagor as his principal debtor, at least when he does not assent to the agreement. So far as the mortgagee is interested the mortgagor is not a mere surety. The mortgagee is not required first to foreclose his mortgage; he may bring suit only on the note. The fact that the mortgagor has sold the equity of redemption to a purchaser who assumes the mortgage debt does not change the right of the holder of the note to pursue the personal remedy. He may bring an action *in personam* or an action *in rem,* or he may pursue both remedies in one action. The debt is the primary obligation between the parties and the note is the primary evidence of the debt. The execution of the mortgage does not merge the mortgagor's personal liability." From the above decision as between the defendant Lee and the plaintiff the said Lee is a principal debtor and not a mere surety. It is different as between Dill and Company, Incorporated, and Lee, in that case Lee is surety. But be that as it may if the relationship of Lee was that of surety it would not avail him.

In Arant on Suretyship (Hornbook Series, 1931), at pp. 313 and 314, the following principle is laid down: "It is also said that the creditor's indulgence toward the principal, so long as it takes the form of mere passivity, and results from motives of mere benevolence, is assumed to be for the benefit of the surety as well as the principal and, for this reason, the surety's assent to forbearance is presumed. But, if the creditor for a consideration promises to give the principal a longer time to perform, he is considered to be acting for his own interest; because

of this, the surety's assent is not presumed, and he is, as a consequence, discharged. . . . It is generally held that the surety is liable so long as the creditor does no act that invalidates his mortgage or lien as security. . . . The same conclusion should follow where property held by the creditor as security is lost, if the creditor breaks a promise either to the principal or the surety to protect it by insuring it. The surety should also be discharged *pro tanto* when the nature of property accepted as security is such that the preservation of its value requires affirmative action by the creditor."

In *Neal v. Freeman,* 85 N. C., p. 445-6, *Ruffin, J.,* citing authorities, says: "A creditor is not bound to a surety for active diligence against the principal, for it is the contract of the surety that the principal shall pay the debt, and it is his business therefore to see that he does so. Consequently, a forbearance to sue, even if accompanied with a failure to inform the surety of the principal's want of punctuality, will not discharge the former. . . . There is no release of any security; no change in the terms of their contract; no contract to forbear for a stipulated time; no tender of the amounts due and refusal; nothing in short which could imply bad faith on the part of the creditor, or a disregard, or even indifference to the rights and interests of the sureties."

In *Bank v. Homesley,* 99 N. C., at p. 534, citing authorities: "The doctrine extracted from these cases, where the creditor merely remains passive, doing nothing himself detrimental to the sureties, while the opportunity is afforded them, by paying the debt and having the judgment assigned to a trustee, so as to place it under their control, cannot be invoked for the relief of the sureties in this case."

A surety is a maker (of a note) and is primarily liable for the payment of the debt, and is not entitled to notice of dishonor. *Rouse v. Wooten,* 140 N. C., 557; *Edwards v. Insurance Co.,* 173 N. C., 614; *Horton v. Wilson,* 175 N. C., 533.

*Walters v. Rogers,* 198 N. C., at p. 211, citing authorities: "There can be no doubt of the general rule that a nonassenting surety in a negotiable instrument is discharged from liability when the creditor makes a valid contract with the principal debtor to postpone the day of payment and thereby puts it beyond the power of the surety to pay the debt and sue the principal. But, if at the time the extension is granted to the principal, the creditor expressly reserves his remedies against the surety, the latter will not be discharged—this on the theory that in such event the surety could pay the debt and sue the principal, although the creditor could not."

We do not think that the right to the proceeds of the redemption of the stock as the pleadings now stand, entitles the defendant Lee to any set-off or counterclaim against the plaintiff.

When Lee assumed the debt of Whitehurst to plaintiff he obligated to pay it. There was no novation when he sold to Dill and Company, Incorporated, and it assumed the obligation. We can see no such negligence on the part of the plaintiff, under the facts and circumstances of this case, as would relieve the defendant Lee from the obligation he assumed when he purchased the land from the Whitehursts.

The judgment of the court below on the demurrers of defendant to the answer and amended answer must be sustained. The judgment is

Affirmed.