FIRST CAROLINAS JOINT STOCK LAND BANK v. H. A. PAGE, JR., FRANK PAGE, J. R. PAGE, THE SALVATION ARMY AND BROAD-ACRES ORCHARD COMPANY.

(Filed 28 February, 1934.)

1. **Mortgages F b—Where mortgagee relies on assumption of debt by mortgagor's grantee, the grantee becomes principal debtor as between parties.**

Where a mortgagor personally liable for the mortgage debt transfers his equity of redemption by deed in which the grantee by valid contract assumes the payment of the debt, and the mortgagee accepts or relies upon the debt assumption contract, as between the parties the grantee becomes the principal debtor and the mortgagor a surety, and the mortgagee may enforce the grantee's liability by suit in equity under the doctrine of subrogation, or by action at law as upon a contract made for the benefit of a third party. Whether the mortgagee may enforce such liability where the grantee's transferror is not personally liable for the mortgage debt, *quære?*

BANK *v.* PAGE.

**2. Same—Mortgagee's rights under debt assumption contract of mortgagor's grantee are subject to defenses existing between original parties.**

While a grantee's contract assuming the mortgage debt upon the land may not be rescinded without the consent of the mortgagee after his acceptance of same, the contract inures to the benefit of the mortgagee as it exists, and, in the mortgagee's action thereon against the grantee, the grantee may set up the defense that the assumption contract was conditional, voidable or unenforceable at the time of its execution, or that the mortgagor had breached a condition subsequent, and although the mortgage notes may be negotiable, the law governing negotiable instruments does not extend to the assumption contract.

**3. Same—Breach of condition subsequent by grantor held valid defense to mortgagee's action against grantee on debt assumption contract.**

The respective owners of two tracts of land executed a contract, in consideration of mutual promises, etc., to convey each to the other their respective lands, the contract stipulating that each was to assume and pay the mortgage debt on the land to be transferred to him, and in accordance with the contract deeds were executed in which each grantee assumed and agreed to pay the mortgage debt on the land conveyed. Thereafter the mortgagee of one of the tracts of land sued the grantee thereof on the debt assumption contract in his deed, and the grantee set up the defense that his grantor had abandoned the contract and failed to pay the mortgage debt assumed by him in the exchange of deeds. *Held*, the defense was valid, and upon its establishment, the mortgagee was not entitled to·recover.

APPEAL by Salvation Army from *Harding, J.,* at May Term, 1933, of RICHMOND.

Civil action to recover balance due on three promissory notes executed by H. A. Page, Jr., Frank Page and J. R. Page, payable to plaintiff, and secured by deeds of trust on three separate tracts of land, immediately thereafter conveyed to Broadacres Orchard Company, Incorporated, and subsequently conveyed to the Salvation Army, a Georgia corporation, with assumption of liability and agreement to pay said outstanding indebtedness on the part of the said last named grantee.

The facts upon which the case turns are as follows:

1. On 14 April, 1927, in consideration of three several loans, H. A. Page, Jr., executed and delivered to the plaintiff his note in the sum of $45,000, with J. R. Page and Frank Page sureties thereon, and secured by deed of trust on 1,906 acres of land; Frank Page executed and delivered to plaintiff his note in the sum of $47,000, with H. A. Page, Jr., and J. R. Page sureties thereon, and secured by deed of trust on 1,500 acres of land; and J. R. Page executed and delivered to plaintiff his note in the sum of $33,000, with H. A. Page, Jr., and Frank Page sureties thereon, and secured by deed of trust on 1,564 acres of land. These three tracts of land adjoin and make a total of 5,030 acres, more or less, known as "Broadacres," and are situate in Richmond and Scotland counties, North Carolina.

2. The said loans were negotiated pursuant to agreement and on behalf of Broadacres Orchard Company, a corporation owned principally by the Pages and controlled by H. A. Page, Jr.; and immediately thereafter, 28 April, 1927, the said three tracts of land were conveyed to said corporation, subject to the several deeds of trust above mentioned, but without agreement on the part of said grantee to assume and pay the mortgage debts. The aggregate balance of these loans was approximately $114,000 at the beginning of the year 1931.

3. At the same time the Salvation Army was the owner of a business piece of property situate in Norfolk, Va., and subject to a deed of trust securing a note in the sum of $125,000 held by the Massachusetts Mutual Life Insurance Company. It is suggested that neither Broadacres nor the Norfolk property was worth the indebtedness outstanding against it.

4. On 7 March, 1931, H. A. Page, Jr., and the Salvation Army, "for and in consideration of the mutual promises, agreements and benefits hereinafter mentioned," entered into a written contract by the terms of which:

(A) Page agreed to convey or cause to be conveyed to the Salvation Army "Broadacres" subject only to the indebtedness held by the plaintiff and secured by the three deeds of trust above mentioned, "which said three deeds of trust the party of the second part (Salvation Army) obligates and agrees to assume and discharge in accordance with the terms and maturity dates set forth and provided in said amortization notes thereby secured, and save the party of the first part harmless from any claim or demand by reason thereof."

(B) The Salvation Army agreed to convey the Norfolk property to Page subject only to the indebtedness held by the Massachusetts Mutual Life Insurance Company, "which said encumbrance the said H. A. Page, Jr., agrees to take and hereby assumes the full payment and discharge of the indebtedness thereby secured . . . further agrees to save harmless the said the Salvation Army from any and all further claims or demands which may be made thereunder."

5. The agreement of the Salvation Army to assume and to pay the indebtedness held by the plaintiff on Broadacres was dependent upon the agreement of H. A. Page, Jr., to assume and to pay the indebtedness held by the Insurance Company on the Norfolk property.

6. Pursuant to the agreement of 7 March, between H. A. Page, Jr., and the Salvation Army, an exchange of the properties was effected by the simultaneous execution and delivery of deeds dated 14 March, 1931, the Army conveying its Norfolk property to H. A. Page, Jr., with assumption clause inserted therein, and Page causing the Broadacres Orchard Company to execute and deliver to the Army deed for Broadacres in which it is stipulated that "the party of the second part by the accept-

BANK *v.* PAGE.

ance of this deed hereby obligates and agrees to pay off and discharge in accordance with the terms, tenor, and conditions of the said three deeds of trust, and the three amortization notes thereby respectively secured, and thereby save the party of the first part, its successors, or the grantors of said deeds of trust and the makers of said amortization notes, or the endorsers thereon, their executors, administrators or representatives, harmless, released and fully discharged from any claim or demand of any kind or nature, by reason of said deeds of trust or notes, the same having been assumed and taken over by the party of the second part as a part of the consideration for the execution and delivery of this deed."

7. On 14 March, 1931, pursuant to contract between H. A. Page, Jr., and J. Rush Shull *et ux.*, Eula Haynes Shull, the Army conveyed Broadacres to the Shulls, with assumption agreement on their part to assume and pay plaintiff's debt, but the Shulls were later adjudged bankrupts and their obligation thus discharged.

8. Soon thereafter, H. A. Page, Jr., at the instance of the plaintiff, sent to the Army three assumption-agreement forms, in accordance with the practice of plaintiff bank, which were returned unexecuted, counsel for the Army stating: "This document appears to be an original undertaking or agreement with the First Carolinas Joint Stock Land Bank of Columbia, S. C., with whom the Salvation Army has no contract. . . . It is my view that each contracting party is bound to the other only if the other duly performs the conditions of his contract."

9. At no time, when performance was due on his part, has H. A. Page, Jr., been able and willing to discharge his obligations to the Army, but on the contrary, he has abandoned the same and treated them as terminated.

10. Nothing has been paid to the plaintiff by the Army, nor has it recognized any direct obligation to the plaintiff, but on the contrary, it has insisted that the failure and wrongful refusal of H. A. Page, Jr., to carry out his dependent promises released the Army from any liability to the plaintiff, if any ever vested or attached.

11. There are many other adminicular facts appearing of record, but the foregoing will suffice for a proper understanding and disposition of the case.

Upon the issues joined between plaintiff and the Army—the other defendants conceding their liability but contending that it is now only secondary—there was a verdict for the Army, but judgment was entered for the plaintiff, notwithstanding the answers of the jury to a number of issues, on the ground that the Army had rendered itself primarily liable to the plaintiff by reason of the assumption clause inserted in the deed from Broadacres Orchard Company, mentioned in paragraph 6 above.

The Army tendered judgment on the verdict, which the court refused to sign. From this refusal, the Army appeals, assigning errors.

*Melton & Belser and Cansler & Cansler for plaintiff.*
*L. R. Varser for defendants, Pages and Broadacres Orchard Company.*
*John M. Robinson and Hunter M. Jones for defendant, Salvation Army.*

STACY, C. J., after stating the facts: The plaintiff, a donee beneficiary, and the mortgagors, the Pages, and the grantor, Broadacres Orchard Company, are seeking to hold the grantee, Salvation Army, primarily liable for the mortgage debt on the assumption clause contained in the deed conveying to the Army the equity of redemption in 5,030 acres of land. The briefs are replete with learning on the subject, but the case, in reality, falls within a comparatively narrow compass.

The law undoubtedly is, that when a purchaser of mortgaged lands, by a valid and sufficient contract of assumption, agrees with the mortgagor, who is personally liable therefor, to assume and to pay off the mortgage debt, such agreement inures to the benefit of the holder of the mortgage, and upon its acceptance by him, or reliance thereon by the mortgagee, thenceforth as between themselves, the grantee occupies the position of principal debtor and the mortgagor that of surety, and the liability thus arising from said assumption agreement may be enforced by suit in equity, under the doctrine of subrogation, *Baber v. Hanie,* 163 N. C., 588, 80 S. E., 57, or by action at law, as upon a contract made for the benefit of a third person, *Rector v. Lyda,* 180 N. C., 577, 105 S. E., 170, *Gorrell v. Water Co.,* 124 N. C., 328, 32 S. E., 720, 70 Am. St., 598, 46 L. R. A., 513. See full annotation on the subject, 21 A. L. R., 439; 78 Am. Dec., 72; 19 R. C. L., 373. The mortgagee is entitled to appropriate for his debt any security acquired or held by his debtor for its payment. *Brown v. Turner,* 202 N. C., 227, 162 S. E., 608; *Voorhees v. Porter,* 134 N. C., 591, 47 S. E., 31; *Woodcock v. Bostic,* 118 N. C., 822, 24 S. E., 362.

Nor is the mortgagor and the grantee at liberty thereafter to rescind said agreement without the consent of the mortgagee. *Keller v. Parrish,* 196 N. C., 733, 147 S. E., 9; *Parlier v. Miller,* 186 N. C., 501, 119 S. E., 898; 41 C. J., 749. Especially is this so where indulgence has been granted upon reliance of the solvency of the grantee. *Keller v. Parrish, supra.*

In each of the cases above cited, the Court was dealing with a contract of assumption, the validity and binding effect of which was not questioned; but, here, the sufficiency and enforceability of the assumption agreement is assailed. The question then arises: What defenses may the grantee interpose in an action by the mortgagee on the assumption clause?

It will not be controverted, we apprehend, that one who claims the benefit of a contract which he fortuitously discovers, or picks up in the

road as it were, must take it as he finds it. *Glass Co. v. Fidelity Co.,* 193 N. C., 769, 138 S. E., 143. As said by the Supreme Court of Iowa in *Shult v. Doyle,* 200 Ia., 1, 201 N. W., 787, speaking of the right of a mortgagee to sue on an assumption agreement: "The cause of action thus created in his favor is a bit of legal grace; it cost him nothing; it simply fell upon him, without effort or knowledge on his part. He is entitled to it, such as it is. He has no ground of appeal to equity either to expand it or to prevent its shrinkage. Nor is his plea of estoppel available to him as against the very truth. *Peters v. Goodrich,* 192 Iowa, 790, 185 N. W., 903."

Indeed, it is not perceived upon what theory the rights of a donee beneficiary may be said to be greater than is provided by the contract out of which they spring. *Bank v. Assurance Co.,* 188 N. C., 747. The fact that an assumption agreement, after acceptance by the mortgagee, is not thereafter subject to rescission without his consent, adds nothing to the original agreement; it simply preserves the contract as it is, and as accepted. So, if the original agreement be conditional, voidable, or unenforceable at the time of its making, or is subsequently breached by the mortgagor, the rights of the mortgagee are necessarily limited and affected thereby. And although the mortgage indebtedness may be evidenced by negotiable notes, the law governing negotiable instruments does not extend to the assumption agreement. *Gray v. Bricker,* 182 Iowa, 816, 166 N. W., 284. The mortgagee is in no position to claim any rights as an innocent purchaser. *Bank v. Kirby,* 191 Iowa, 786, 183 N. W., 478.

In 41 C. J., 754, the authorities on the subject are epitomized as follows:

"In the case of a contract by the grantee of mortgaged premises to assume the payment of the mortgage thereon, where the mortgagee is not a party to such contract and has paid no part of the consideration, he acquires no greater rights than the covenantee or promisee, and takes the covenant subject to all legal and equitable defenses which would have been available against him."

And in the Restatement of the Law of Contracts by the American Law Institute, the heading of section 140 is as follows:

"There can be no donee beneficiary or creditor beneficiary unless a contract has been formed between a promisor and promisee; and if a contract is conditional, voidable, or unenforceable at the time of its formation, or subsequently ceases to be binding in whole or in part because of impossibility, illegality or the present or prospective failure of the promisee to perform a return promise which was the consideration for the promisor's promise, the right of a donee beneficiary or creditor beneficiary under the contract is subject to the same limitation."

But without going as far as the above statements, we think the present case is controlled by the terms of the contract of 7 March, 1931, between H. A. Page, Jr., and the Salvation Army.

It is true, the plaintiff contends that the assumption clause appearing in the deed from the Orchard Company to the Army alone determines the rights of the parties, but this is not the whole of the contract. Indeed, it may be observed that the grantor in this deed, Broadacres Orchard Company, never assumed the payment of plaintiff's debt, and at no time became liable therefor. There is authority for the position, with decisions to the contrary, that the mortgagee acquires no right to enforce the assumption agreement unless the grantor in the deed is personally liable for the mortgage debt. Annotation, 12 A. L. R., 1528. But we pass by this suggestion, and proceed to a consideration of the terms of the contract of 7 March, 1931. At the very beginning of this agreement it is recited that "for and in consideration of the mutual promises, agreements and benefits hereinafter mentioned," thus making the promises of the parties dependent one upon the other. 13 C. J., 567, et seq.

The heart of a contract is the intention of the parties. *Cole v. Fibre Co.*, 200 N. C., 484, 157 S. E., 857.

That Page has failed to carry out his part of the agreement is conceded and established by the verdict. He has not only breached it, but also abandoned it. This precludes any recovery by the plaintiff against the Army. Judgment to this effect should have been entered on the verdict.

Error and remanded.