STATE-PLANTERS BANK AND TRUST COMPANY, TRUSTEE, v. E. J. RANDOLPH AND HIS WIFE, ANNA C. RANDOLPH, R. R. WILLIAMS AND HIS WIFE, MARGARET M. WILLIAMS, WACHOVIA BANK AND TRUST COMPANY, EXECUTOR OF DR. H. H. BRIGGS, DECEASED, AND A. LILLIAN BRIGGS.

(Filed 31 October, 1934.)

Mortgages F b—After acceptance or reliance on debt assumption contract by mortgagee, grantee is not released by release of grantor.

Where the grantee in a deed, by valid contract therein, personally assumes the payment of a prior mortgage debt against the lands, which contract is accepted or relied upon by the mortgagee, as between themselves and the makers of the mortgage note, the grantee becomes the principal debtor, and a discharge of the makers of the mortgage notes by the mortgagee will not release the grantee of liability to the mortgagee on the debt assumption contract.

APPEAL by defendant Wachovia Bank and Trust Company, executor of Dr. H. H. Briggs, deceased, from Pless, J., at June Term, 1934, of BUNCOMBE. Affirmed.

This is an action to recover of the defendants the sum of $2,490.52, with interest on said sum from 12 January, 1932.

This sum is the amount now due on certain notes aggregating the sum of $25,000, which were executed on 1 May, 1928, by the defendants E. J. Randolph and his wife, Anna C. Randolph, and R. R. Williams and his wife, Margaret M. Williams, and which are secured by a deed of trust executed by the said defendants to E. B. Thomason and L. O. Lohman, trustees.

On 16 November, 1928, the defendants E. J. Randolph and his wife, Anna C. Randolph, and R. R. Williams and his wife, Margaret M. Williams, conveyed the land described in the said deed of trust to Dr. H. H. Briggs and his wife, A. Lillian Briggs, by a deed which contains a clause in words as follows:

"Subject to an indebtedness of $25,000, secured by a deed of trust from the parties of the first part hereto to E. B. Thomason and L. O. Lohman, trustees, dated 1 May, 1928, and recorded in the office of the register of deeds of Buncombe County, North Carolina, in Book 294, page 101, which indebtedness the parties of the second part expressly assume and agree to pay."

The plaintiff is now the holder of the notes which were executed by the defendants E. J. Randolph and his wife, Anna C. Randolph, and R. R. Williams and his wife, Margaret M. Williams, and secured by the deed of trust executed by the said defendants to E. B. Thomason and L. O. Lohman, trustees.

After this action was begun, and while the same was pending, the holder of the notes executed by the defendants E. J. Randolph and his wife, Anna C. Randolph, and R. R. Williams and his wife, Margaret M. Williams, caused an endorsement to be made on each of said notes in words as follows:

"Without prejudice to the rights of the holder hereof to foreclose on the property pledged as security for the payment of this note and/or the collection of said indebtedness out of any and all other persons legally liable for the payment thereof, the undersigned holder does hereby release, for a valuable consideration, the makers of this note from any personal liability on account of its nonpayment."

This action was begun on 6 February, 1932, in the general county court of Buncombe County, and was tried at the February Term, 1934, of said court. The issues submitted to the jury at said trial were answered as follows:

"1. Did the plaintiff, or the holder of the indebtedness secured by the deed of trust mentioned in the complaint, enter into an agreement with E. J. Randolph and his wife, Anna C. Randolph, and R. R. Williams and his wife, Margaret M. Williams, whereby said parties, and each of them, were released from any and all personal liability for the payment of said indebtedness? Answer: 'Yes.'

"2. Is the Wachovia Bank and Trust Company, executor of Dr. H. H. Briggs, deceased, indebted to the plaintiff in this action, as alleged in the complaint, and if so, in what amount? Answer: '$2,490.52, with interest from 12 January, 1932.'"

From the judgment of the general county court that plaintiff recover of the defendant Wachovia Bank and Trust Company, executor of

Dr. H. H. Briggs, deceased, the sum of $2,490.52, with interest from 12 January, 1932, until paid, and the costs of the action, the said defendant appealed to the Superior Court of Buncombe County, assigning error in the instruction of the court to the jury with respect to the second issue.

At the hearing of defendant's appeal in the Superior Court its assignment of error was not sustained, and the judgment of the general county court was affirmed. The defendant appealed to the Supreme Court.

*Harkins, Van Winkle & Walton for plaintiff.*
*Bourne, Parker, Bernard & DuBose for defendant.*

CONNOR, J. At the trial of this action in the general county court it was agreed that the first issue should be answered in the affirmative. The issue was accordingly answered, "Yes."

With respect to the second issue, the court instructed the jury as follows:

"The burden of this issue is on the plaintiff. It contends that the amount which the plaintiff is entitled to recover in this action is $2,490.52, with interest from 12 January, 1932, until paid.

"If you find the facts to be as testified to by the witnesses, and as shown by all the evidence in the case, you will answer the second issue, $2,490.52, with interest from 12 January, 1932, until paid."

Under this instruction the jury answered the second issue as appears in the record.

The defendant Wachovia Bank and Trust Company, executor of Dr. H. H. Briggs, deceased, excepted to this instruction, and on its appeal to the Superior Court assigned same as error. The assignment of error was not sustained. In this there was no error.

Whatever conflict there may appear to be in the decisions of this Court with respect to the liability of the grantee of land who has assumed the payment of an indebtedness of his grantor which was secured by a prior mortgage or deed of trust executed by the grantor, as said in *Bank v. Page,* 206 N. C., 18, 173 S. E., 312, "the law undoubtedly is, that when a purchaser of mortgaged lands, by a valid and sufficient contract of assumption, agrees with the mortgagor, who is personally liable therefor, to assume and pay off the mortgage debt, such agreement inures to the benefit of the holder of the mortgage, and upon its acceptance by him, or reliance thereon by the mortgagee, thenceforth as between themselves, the grantee occupies the position of principal debtor and the mortgagor that of surety, and the liability thus arising from said assumption agreement may be enforced by suit in equity under the doctrine of subrogation, *Baber v. Hanie,* 163 N. C., 588, 80 S. E., 57, or by an action at law, as upon a contract for the benefit of a third person. *Rector v. Lyda,* 180 N. C., 577, 105 S. E., 170."

It follows from this statement of the law that the release by the holder of the notes of the makers from all personal liability did not affect the liability of the defendants, who had expressly assumed the payment of the notes, and had thereby, as between themselves and the makers, become liable as principals.

The rule that a release by a creditor of his debtor, who is liable as a principal for the debt, discharges a surety manifestly has no application in the instant case.

There was no error in the refusal of the judge of the Superior Court to sustain defendant's assignment of error in its appeal from the judgment of the general county court. The judgment of the Superior Court is

Affirmed.