MEREDITH COLLEGE, INC., v. J. T. LEE AND HIS WIFE, ALDONIA LEE; W. L. ADAMS AND HIS WIFE, MATTIE ADAMS; JOHN JERNIGAN AND HIS WIFE, LIZZIE JERNIGAN; AND OTHERS.

(Filed 3 November, 1937.)

1. **Mortgages § 23b—Liability of grantee on debt assumption contract is limited as to both mortgagor and mortgagee by stipulations in contract.**

   Where a grantee in a deed assumes and agrees to pay off the mortgage debt against the property as a part of the consideration for the conveyance of the lands, the grantee becomes personally liable to the mortgagor and to the mortgagee, but such liability is limited, as to both of them, by stipulations in the debt assumption contract.

2. **Same—Liability of grantee to mortgagee held discharged under limitation in debt assumption contract upon payment of one-half of mortgage debt.**

   Where successive grantees of a part of lands embraced in a mortgage each agree to assume and pay off one-half the mortgage debt as a part of

the purchase price, their respective liabilities to the mortgagee are limited to one-half the mortgage debt, with interest thereon only from the time of the debt assumption contract, and where the lands conveyed to them are foreclosed under the mortgage and the proceeds of sale, amounting to more than one-half the mortgage debt, are applied on the notes, the liability of the grantees is discharged in accordance with the limitation in the debt assumption contract, and the mortgagee may not hold them liable for the balance of the mortgage debt.

APPEAL by defendants W. L. Adams and John Jernigan from *Harris, J.,* at April Term, 1937, of JOHNSTON.

This is an action to recover on a note for $1,600, which was executed on 18 August, 1920, by the defendants J. T. Lee and his wife, Aldonia Lee, and is payable to the order of the plaintiff. The note sued on bears interest from date at the rate of 6 per centum per annum, payable semiannually, and was due three years after its date. Interest has been paid on said note to 1 January, 1929. This action was begun in the Superior Court of Johnston County on 22 November, 1935.

It is alleged in the complaint that after its execution the defendants W. L. Adams and John Jernigan, each for a valuable consideration, and successively, assumed the payment of the note sued on, and agreed to pay the said note to the plaintiff.

This allegation is denied in the answer of each of said defendants.

At the trial the facts were shown to be as follows:

1. On 18 August, 1920, in consideration of money loaned to them by the plaintiff, the defendants J. T. Lee and his wife, Aldonia Lee, executed their note for $1,600, payable three years after its date to the order of the plaintiff, and bearing interest from date at the rate of 6 per centum per annum, payable semiannually. The interest on said note has been paid to 1 January, 1929.

2. Contemporaneously with the execution of said note, and for the purpose of securing its payment according to its terms, the defendants J. T. Lee and his wife, Aldonia Lee, executed a mortgage by which they conveyed to the plaintiff two tracts of land described in said mortgage, and situate in Johnston County, North Carolina, each containing about 18 acres, and both being of practically the same value. This mortgage was duly recorded in the office of the register of deeds of Johnston County in Book G, No. 7, at page 574.

3. Thereafter; to wit, on or about 2 April, 1927, for the recited consideration of $2,500, the defendants J. T. Lee and his wife, Aldonia Lee, conveyed one of the tracts of land described in their mortgage to the plaintiff to the defendant W. L. Adams, who thereupon and contemporaneously with the execution of the deed by the said J. T. Lee and his wife, Aldonia Lee, conveying the said tract of land to him, as-

sumed the payment of one-half the note of the said J. T. Lee and wife, Aldonia Lee, to the plaintiff, and agreed to pay said one-half to the plaintiff in part consideration of the conveyance of said tract of land to him by the said J. T. Lee and his wife, Aldonia Lee.

4. Thereafter, to wit, on or about 29 October, 1927, for the recited consideration of $2,500, the said W. L. Adams and his wife, Mattie Adams, conveyed the tract of land described in the deed from J. T. Lee and his wife, Aldonia Lee, to him to the defendant John Jernigan, who thereupon, and contemporaneously with the execution of the deed by the said W. L. Adams and his wife, Mattie Adams, conveying the said tract of land to him, assumed the payment of one-half the note of J. T. Lee and his wife, Aldonia Lee, to the plaintiff, and agreed to pay said one-half to the plaintiff in part consideration of the conveyance of said tract of land to him by the said W. L. Adams and his wife, Mattie Adams.

5. Contemporaneously with the execution of their deed conveying one of the tracts of land described in their mortgage to the plaintiff to the defendant W. L. Adams, to wit, on 2 April, 1927, the defendants J. T. Lee and his wife, Aldonia Lee, for the recited consideration of $2,500, conveyed the other tract of land described in said mortgage to Jesse Tart, who thereupon, and contemporaneously with the execution of the deed by the said J. T. Lee and his wife, Aldonia Lee, conveying said tract of land to him, assumed the payment of one-half the note of J. T. Lee and his wife, Aldonia Lee, to the plaintiff, and agreed to pay said one-half to the plaintiff in part consideration of the conveyance of said tract of land to him by the said J. T. Lee and his wife, Aldonia Lee.

6. Since the conveyance by J. T. Lee and his wife, Aldonia Lee, of one of the tracts of land described in their mortgage to the plaintiff to Jesse Tart the said tract of land has been sold under a mortgage which was prior to the mortgage from J. T. Lee and his wife, Aldonia Lee to the plaintiff. The plaintiff received no part of the sum realized from the sale of said tract of land as a payment on its note for $1,600 from J. T. Lee and his wife, Aldonia Lee, nor has it received from Jesse Tart any sum as a payment on said note.

7. Since the commencement of this action the plaintiff has foreclosed the mortgage which the defendants J. T. Lee and his wife, Aldonia Lee, executed to the plaintiff, and has sold the tract of land which the said J. T. Lee and his wife, Aldonia Lee, conveyed to the defendant W. L. Adams by their deed dated 2 April, 1927, and which the defendant W. L. Adams and his wife, Mattie Adams, conveyed to the defendant John Jernigan by their deed dated 29 October, 1927. The plaintiff received from the sale of the said tract of land the sum of $1,282.47, which it has applied as a payment on its note from J. T. Lee and wife, Aldonia Lee, leaving the amount due on said note on 19 April, 1927, $1,117.53

8. The plaintiff has heretofore in this action recovered judgment against the defendants J. T. Lee and his wife, Aldonia Lee, on the note sued on. This judgment has not been paid.

On the foregoing facts, admitted in the pleadings and found by the jury in response to issues submitted to them, it was ordered, considered, and adjudged by the court that the plaintiff recover of the defendants W. L. Adams and John Jernigan the sum of $558.76, with interest on said sum from 19 April, 1937, until paid, and the costs of the action, to be taxed by the clerk.

From this judgment the defendants W. L. Adams and John Jernigan appealed to the Supreme Court, assigning errors in the trial and error in the judgment.

*Winfield H. Lyon for plaintiff.*
*L. L. Levinson and Larry F. Wood for defendant W. L. Adams.*
*Parker & Lee for defendant John Jernigan.*

CONNOR, J. On the facts admitted in the pleadings and found by the jury at the trial of this action, the defendants W. L. Adams and John Jernigan were each personally liable to the plaintiff on the note sued on in this action. In *Bank v. Randolph,* 207 N. C., 241, 176 S. E., 561, it is said:

"Whatever conflict there may appear to be in the decisions of this Court with respect to the liability of the grantee of land who has assumed the payment of an indebtedness of his grantor which was secured by a prior mortgage or deed of trust executed by the grantor, as said in *Bank v. Page,* 206 N. C., 18, 173 S. E., 312, 'the law undoubtedly is, that when a purchaser of mortgaged lands, by a valid and sufficient contract of assumption, agrees with the mortgagor, who is personally liable therefor, to assume and pay off the mortgage debt, such agreement inures to the benefit of the holder of the mortgage, and upon its acceptance by him, or reliance thereon by the mortgagee, thenceforth, as between themselves, the grantee occupies the position of principal debtor and the mortgagor that of surety, and the liability thus arising from said assumption agreement may be enforced by suit in equity under the doctrine of subrogation, *Baber v. Hanie,* 163 N. C., 588, 80 S. E., 57, or by an action at law as upon a contract for the benefit of a third person, *Rector v. Lyda,* 180 N. C., 577, 105 S. E., 176.' "

The liability of a grantee of mortgaged lands, by reason of an assumption agreement with his grantor, both to the mortgagor and to the mortgagee, arises out of his contract, and is limited by its terms. See 41 C. J., p. 760, sec. 837.

ASHEBORO *v.* MORRIS and MORRIS *v.* ASHEBORO.

Where, as in the instant case, the grantee by his assumption agreement with his grantor limits his liability on the indebtedness of his grantor secured by a mortgage on the land, such limitation applies to his liability not only to the mortgagor but also to the mortgagee.

The defendants in this case, by reason of· their assumption agreements with their respective grantors, were liable to them and to the plaintiff for only one-half of the indebtedness of J. T. Lee and his wife, Aldonia Lee, to wit, $800.00 and interest which should accrue after the dates of their respective agreements. This liability was discharged by the payment made on said note out of the proceeds of the sale of the land which was conveyed to the defendants, to wit, the sum of $1,282.47. Neither of them is now liable to the plaintiff on the note sued on.

There is error in the judgment that plaintiff recover of the defendants the sum of $558.76. The action is remanded to the Superior Court of Johnston County that judgment may there be entered in this action in accordance with this opinion.

Error and remanded.