## JOHN W. ELLIS *vs.* SAMUEL HUSSEY.

1. A vendor who contracts to convey upon payment of the purchase money, is as between the parties a mortgagee.

2. It is well settled that a mortgagee possesses two remedies which he may prosecute at the same time, namely, one *in pзrsonam* for his debt, the other *in rem* to subject the mortgaged property to its payment by foreclosure.

3. A resort to the first does not amount to a waiver of the second, or *vice versa.*

4. The two actions are not for the same cause and a different relief is obtained in each, and this continues to be the case, notwithstanding that a single Court grants all the relief which was formerly sought in two.

This was a civil action, tried on complaint and demurrer, before His Honor, Judge Mitchell, at Fall Term 1871, of Iredell Superior Court.

The plaintiff, in his complaint set forth in substance that one Redwine being the owner of certain real estate, contracted to sell the same to the defendant, and that defendant executed his note for the price, that the legal title had passed by a series of conveyances from Redwine to the plaintiff; and that the plaintiff had likewise purchased the note, had brought suit on the note, obtained judgment, and that the execution which issued thereon had been returned unsatisfied, and prayed a specific execution of the contract and sale of the premises.

The cause of demurrer specially assigned, was, "that it appears from the complaint that the same plaintiff brought a suit against this same defendant upon the same contract, and subject matter, as is contained in this complaint to Fall Term 1869 and at Spring Term 1870, obtained a judgment against this defendant thereon, that there is no distinct legal and equity jurisdiction in this Court, and that all matters of dispute arising upon the said contract were then determined and

adjudicated, or should have been determined and adjudicated," &c.

His Honor overruled the demurrer, and rendered judgment in favor of the plaintiff according to the demand of the complaint. From which the defndant appealed.

*Furches* for the appellant.
*Armfield* for the appellee.

1. The pendency of one suit between the same parties for the same cause of action, is a good defence to a second. *Harris* v. *Johnson*, 65 N. C. R., 478.

2. When the relief sought may be had in a suit then pending between the same parties. This is a good defense against a second suit. *Council* v. *Rivers*, 65 N. C. R 54.

3. Where a suit is pending between the same parties, relief must be sought in that action. *Rogers* v. *Holt, Phillips Eq.,* 108.

4. Also see *Mason* v. *Miles*, 63 N. C. R., 564.

Rodman, J. A vendor who contracts to convey on payment of the purchase money may be considered as between the parties a mortgagee. It has always been held that a mortgagee has two remedies which he may prosecute at the same time, one *in personam* for his debt, the other *in rem* to subject the mortgaged property, and it never was supposed that a resort to the first waived the second, or that after a sale of the mortgaged property, he could not resort to the first for any unpaid residue. 2 Story Eq., Jur. 1007, 1034, 1035, c. 9th edition, citing *Thurber* v. *Jewett*, 295.

It is true, that the plaintiff in this case could, in an action seeking a sale of the property which be held substantially as mortgagee, have obtained a judgment for the sale of the property, and that if the property brought less than the debt, he could have execution against the debtor for the residue. But

that would not have given him the full benefit of his action *in personam* by which he obtained execution against the debtor, before a sale of the property, whereas upon his action to subject the property, he would have been compelled first to exhaust the property. The two actions are not therefore for the same cause, and a different relief is obtained in each. And this continues to be the case, notwithstanding a single Court gives all the relief which must have heretofore been obtained in two.

There is no error. Judgment affirmed, and the action is remanded to the Superior Court of Iredell to be proceeded in according to law.

· PER CURIAM.                    Judgment affirmed.