C. S. WALTERS v. D. S. ROGERS ET AL.

(Filed 22 January, 1930.)

1. **Bills and Notes D c—Extension of time for payment of note does not release surety when he has expressly contracted to remain bound thereon.**

   While ordinarily an extension of time granted the maker of a note will discharge the sureties from liability thereon, this principle does not apply when the sureties have agreed thereto or have signed the note specifying that such extension will not operate to discharge them from liability, and when the creditor at the time of granting the extension expressly reserves his rights against the sureties.

2. **Novation A a—Taking additional security for note and granting extension of time thereon is not a novation and does not release sureties.**

   Where the sureties on a note agree by the terms of the note that an extension of time granted to maker would not discharge them from liability thereon, the taking by the payee of a mortgage expressly providing that it was additional security to the note and granting an extension of time for payment cannot be construed as a novation, and the sureties are not released thereby, the word novation implying the extinguishment of an existing debt and the creation of a new one.

APPEAL by defendant Lawson from *Moore, Special Judge,* at July Term, 1929, of STOKES.

The defendants executed and delivered to the plaintiff eight notes, maturing at different dates, each in form and figures as follows:

"$1,000.00.                    Pilot Mountain, N. C., 3 August, 1922.

December first, 1922, after date, we promise to pay to the order of C. S. Walters, one thousand dollars for value received, secured by deed of trust of even date herewith, negotiable and payable, without offset, at Farmers' Bank, Pilot Mountain, N. C., with interest from date at six per cent per annum; and this note may be charged to the account of either maker or endorser at maturity, and the subscribers and endorsers hereby agree to continue and remain bound for the payment of this note, and all interest thereon, notwithstanding any extension of time granted to the principal and notwithstanding any failure or omission to protest this note for nonpayment or to give notice of nonpayment or dishonor or protest to make presentment or demand for payment, hereby expressly waiving any protest and any and all notice of any extension of time or of nonpayment or dishonor or protest in any form, or any notice whatsoever.

| Witness my hand and seal. | D. S. ROGERS. | (Seal.) |
| | GEORGE ROGERS. | (Seal.) |
| | M. C. LAWSON. | (Seal.) |
| Witness: DELLA ROGERS." | ROXILLA ROGERS. | (Seal.) |

Upon the pleadings and evidence the following verdict was returned:

1. Was the defendant Christian's intestate of sufficient mental capacity at the time of the execution of the notes sued on, to understand the nature and effect of the transaction? Answer: Yes.

2. Did the defendant, M. C. Lawson, sign the notes sued on, as surety? Answer: Yes.

3. What amount, if any, is the plaintiff entitled to recover of the defendants? Answer: $4,484.16, with interest on $4,000 from 3 August, 1922, and interest on $4,484.16 from 15 May, 1928.

Judgment for the plaintiff and appeal by M. C. Lawson upon error assigned.

*J. D. Humphries and Folger & Folger for appellant.*
*W. Reade Johnson and A. C. Davis for appellee.*

ADAMS, J. On 3 August, 1922, the defendants executed and delivered to the plaintiff eight notes, each in the sum of $1,000, and to secure their payment the defendants D. S. Rogers and Roxilla Rogers, his wife, executed a deed of trust to W. R. Badgett, trustee, on two tracts of land. On 9 December, 1925, the defendants, George M. Rogers and his wife, executed to W. R. Badgett, trustee, a deed of trust, without notes, conveying two other tracts, the recited consideration being the plaintiff's agreement to extend the time for the payment of the notes secured by the first deed of trust. The plaintiff is a party to this instrument. The appellant contends that by virtue of the latter deed of trust and the recitals therein he was released from liability on the notes he signed. The two questions are whether he was discharged either by novation or by an extension of the time of payment.

There can be no doubt of the general rule that a nonassenting surety in a negotiable instrument is discharged from liability when the creditor makes a valid contract with the principal debtor to postpone the day of payment and thereby puts it beyond the power of the surety to pay the debt and sue the principal. But, if at the time the extension is granted to the principal, the creditor expressly reserves his remedies against the surety, the latter will not be discharged—this on the theory that in such event the surety could pay the debt and sue the principal, although the creditor could not. *Scott v. Harris,* 76 N. C., 205, 208; *Chemical Co. v. Pegram,* 112 N. C., 614; C. S., 3102. In the second deed of trust the plaintiff reserved his rights against the sureties in these words: "It is understood that the party of the third part (the plaintiff) is taking this as additional security and that no rights under the original deed of trust or notes are hereby waived or in any way released." Besides, when the appellant signed the notes he expressly contracted to remain bound for

their payment notwithstanding any extension of time granted to the principal. This is a valid and enforceable agreement. *Bank v. Couch,* 118 N. C., 436; *Fitts v. Grocery Co.,* 144 N. C., 463.

That the acceptance of the second deed of trust did not constitute a novation is manifest. Novation implies the extinguishment of one obligation by the substitution of another; but the plaintiff, as already pointed out, instead of extinguishing the debt represented by the notes and the first deed of trust, expressly reserved all his rights and took the second deed as additional security. There is

No error.