LELIA M. BROWN v. MARGARET TURNER, ADMINISTRATRIX OF
FRANK TURNER, DECEASED.

(Filed 17 February, 1932.)

1. **Mortgages F a—Mortgagor's liability to mortgagee is not changed by mortgagee's agreement with subsequent purchaser to release part of land.**

   Where land subject to a mortgage is sold successively by deeds in which the grantees assume the mortgage indebtedness, and thereafter the mortgagee releases a part of the land from the mortgage lien by agreement with a subsequent purchaser without the knowledge or consent of the mortgagor: *Held,* the primary liability of the mortgagor to the mortgagee is not affected by the release, and the mortgagee may recover against the mortgagor on a note executed by him and secured by the mortgage.

2. **Mortgages C a—Personal liability on note secured by a mortgage is not merged therein.**

   The execution of a mortgage does not merge the personal liability of the mortgagor on his note secured thereby, and the mortgagee, upon default, may sue either *in personam* on the note or *in rem* by foreclosure, or may unite both remedies in one action.

**3. Mortgages C d—As between the parties a release of part of land from mortgage does not affect mortgagee's lien on the remainder.**

As between the original parties a release of part of the land mortgaged from the mortgage lien does not affect the mortgagee's lien on the remainder, which is security for the whole debt.

APPEAL by defendant from *Stack, J.,* at September Term, 1931, of BUNCOMBE. Affirmed.

This is an action on a promissory note for $375 executed and delivered to the plaintiff by Frank Turner, the defendant's intestate. Trial by jury was waived, the material facts being as follows:

On 13 May, 1926, Frank Turner bought from the plaintiff and her sister, Ida M. Cathey, two houses and lots described as lots 8 and 9 at the price of $3,000. He paid $750 and executed six notes for $375 each, aggregating $2,250. To secure payment he executed a deed of trust on both lots to the Central Bank and Trust Company. Prior to 8 May, 1928, the debt had been reduced to $1,500, and prior to this date W. B. Cathey through *mesne* conveyances had acquired Frank Turner's title to the lots. Cathey made improvements in the house on lot 9, thereby increasing its value $500. The value of lot 9 was then $2,000 and the value of lot 8 was $1,500. On 8 May, 1928, the plaintiff and her sister, Ida M. Cathey, made an agreement with W. B. Cathey that the trustee should release lot 9 from the operation of the deed of trust, so that said Cathey might obtain a first mortgage loan on the property. By consent of these parties the Central Bank and Trust Company released lot 9 on 8 May, 1928, without notice to Frank Turner. Cathey then executed a mortgage or deed in trust on this lot to secure $1,200 which he borrowed from the Blue Ridge Building and Loan Association. At this time Cathey paid $750 of the remainder due on the notes ($1,500) secured by the deed of trust to the Central Bank and Trust Company and paid the interest on the remaining $750 to 13 November, 1928, leaving unpaid two notes for $375 each, the one in suit held by the plaintiff and the other by Ida M. Cathey. The trustee held lot 8 as security for these notes. Lot 9 was sold under the mortgage given by Cathey.

The defendant contends upon these facts that Cathey became the principal debtor and Frank Turner a surety, who was discharged from liability to the mortgagee by the trustee's release of one of the lots.

The other question is whether the action is barred by the provisions of section 100 of the Consolidated Statutes.

*John H. Cathey and James E. Rector for plaintiff.*
*J. E. Baumberger and F. W. Thomas for defendant.*

ADAMS, J. An agreement by the purchaser of an equity of redemption with his vendor that he will assume and pay the mortgage debt will render him personally liable, not only to his grantor but also to the holder of the mortgage. As between themselves the purchaser is regarded as the principal debtor and the grantor as surety; and the mortgagee's right to maintain an action upon this agreement rests upon the ground that the contract of the purchaser is a collateral stipulation obtained by the mortgagor, which by equitable subrogation inures to the benefit of the mortgagee. The mortgagee is entitled to appropriate for his debt any security held by his debtor for its payment, but he has no rights against the purchaser which could not under the contract of purchase have been claimed by the original debtor; and in the application of this equitable doctrine the mortgagee has been allowed to enforce the personal liability of the purchaser only to the extent of a deficiency upon a foreclosure sale of the mortgaged premises and only if the party to whom the purchaser's agreement was given was himself personally liable for the payment of the mortgage debt. The mortgagor of course remains liable to the mortgagee as the debtor to whom the credit was directly extended. This is the principle set forth in *Baber v. Hanie,* 163 N. C., 588. On the principle that one for whose benefit a promise is made may maintain an action upon the promise, it is held in a later case that the mortgagee may sue the mortgagor's grantee who has assumed the payment of the debt without foreclosing the mortgage or joining the mortgagor in the action. *Rector v. Lyda,* 180 N. C., 577. See *Keller v. Parrish,* 196 N. C., 733, and *Parlier v. Miller,* 186 N. C., 500.

We have restated these principles for the reason that the defendant cites *Baber v. Hanie* and *Parlier v. Miller* as authority for the position that the mortgagor and the person assuming the payment of the mortgage debt sustained the relation of surety and principal not only as between themselves, but as between themselves and the mortgagee. We do not concur in this statement. The only parties to the present action are the holder of one of the notes and the administratrix of Frank Turner, the mortgagor. Neither of the vendees who assumed the debt is a party. The object of the action is to procure a judgment on the mortgagor's note, not to foreclose the mortgage or to adjudicate the rights of all persons who were connected with the several transactions. The only asserted counterclaim set up in the answer consists simply of averments upon which it is sought to dismiss the suit and to bar the plaintiff's recovery of a judgment. The only point in issue is whether the defendant is indebted to the plaintiff on the note.

The doctrine that the purchaser of an equity of redemption assuming the payment of the mortgage debt is the principal and his grantor the

surety, obtains as between themselves and does not preclude the mortgagee from proceeding against the mortgagor as his principal debtor, at least when he does not assent to the agreement. So far as the mortgagee is interested the mortgagor is not a mere surety. The mortgagee is not required first to foreclose his mortgage; he may bring suit only on the note. The fact that the mortgagor has sold the equity of redemption to a purchaser who assumes the mortgage debt does not change the right of the holder of the note to pursue the personal remedy. He may bring an action *in personam* or an action *in rem,* or he may pursue both remedies in one action. The debt is the primary obligation between the parties and the note is the primary evidence of the debt. The execution of the mortgage does not merge the mortgagor's personal liability. 2 Jones on Mortgages (7th ed.), sec. 1220; 41 C. J., 733, sec. 783; *Ellis v. Hussey,* 66 N. C., 501; *Silvey v. Axley,* 118 N. C., 959; *McCaskill v. Graham,* 121 N. C., 190. His Honor was therefore correct in holding that the release of the lien on one of the lots did not discharge the primary liability of the mortgagor. As between the original parties the release of a part of the mortgaged premises does not affect the mortgagee's lien upon the residue; this is bound for the whole debt. 2 Jones, *supra,* secs. 722, 981.

Upon the facts found by the trial court the action is not barred by section 100 of the Consolidated Statutes. Judgment

Affirmed.