MYRTLE SERLS v. FRANK H. GIBBS AND W. T. POLK, ADMINISTRATORS OF TASKER POLK, DECEASED, TRUSTEE, AND R. K. CARROLL.

(Filed 11 October, 1933.)

**Mortgages H b—Where notes and power of sale are barred by statutes of limitation mortgagor may restrain sale without paying notes.**

A mortgage or deed of trust follows the debt and is an incident thereto and security therefor, and where notes secured by a mortgage are barred by the statute of limitations, and the power of sale contained in the instrument is barred by the lapse of over ten years from the date of the last payment on the notes, C. S., 437(3), 2589, the mortgagor may restrain the trustee in the instrument from foreclosing under the power of sale therein contained, and the trustee's contention that the mortgagor would have to pay the amount of the notes in order to be entitled to the equitable relief of restraining the foreclosure on the principle that he who seeks equity must do equity, is unavailing.

CIVIL ACTION, before *Daniels, J.,* at January Term, 1933, of WARREN.

On 8 February, 1905, S. E. Loyd, executed and delivered to Tasker Polk, trustee, a deed of trust, recorded in Book of Mortgages 70, page 537, registry of Warren County, securing an indebtedness of $996.00, evidenced by four notes of $249.00 each, payable to W. G. Rogers on 8 February, 1906, 1907, 1908, and 1909, respectively. Tasker Polk, the trustee named in the deed of trust, is dead, and the defendants, Gibbs and Polk, are his administrators. The mortgagor, Stephen E. Loyd, died in October, 1912, leaving eight children. The plaintiff is one of said children, and she and her brothers and sisters have been in possession of said land since the death of their father. Mrs. Loyd qualified as administrator of her husband and made a final account, which was duly approved by the clerk on 20 March, 1916. This account shows that the balance due on the land, amounting to $655.56, was paid by her.

There was evidence tending to show that the notes had been paid, and other evidence tending to show the contrary. Rogers, the payee in the notes, hypothecated said notes with the defendant Carroll to secure a loan of $1,000.

The defendants as administrators undertook to sell the land under said deed of trust and were restrained until the hearing. The plaintiff pleaded that the power of sale in the deed of trust was barred by the ten-year statute of limitations, and that the notes were also barred by the statute. The action was commenced on 25 January, 1932, practically twenty-eight years after the notes and deed of trust were given, and approximately twenty-one years after the death of the mortgagor. It was admitted that one of the notes had been paid.

The following issues were submitted to the jury:

1. "Have the three notes secured by the deed of trust described in the complaint, been paid?"

2. "Are the notes and the power of sale in the deed of trust set out in the complaint barred by the statute of limitations?"

The trial judge charged the jury that if they believed the evidence, and found the facts to be as testified to by the witness, they would answer the first issue "No," and the second issue "Yes." Said issues were thereupon answered accordingly, and from judgment upon the verdict the defendants appealed.

*W. W. Taylor, W. W. Taylor, Jr., and R. B. White for plaintiff.*
*Julius Banzet and Frank Banzet for defendants.*

BROGDEN, J. The defendants, trustees, at the request of their codefendant, R. K. Carroll, undertook to exercise the power of sale in a deed of trust executed on 8 February, 1905, securing four notes, the last of which matured on 8 February, 1909. One of said notes had been paid by the deceased mortgagor during his lifetime, and after his death in 1912 his children and widow remained in possession of the property. The action was instituted on 25 January, 1932, to restrain the sale advertised for that date. The restraining order was continued until the hearing and the cause was duly heard at term.

The defendants contend that the verdict having established that the notes described in the complaint had not been paid that the plaintiff was not entitled to have the sale restrained without paying the amount of the indebtedness upon the familiar equitable principle that "he who seeks equity must do equity."

This Court has consistently held that a mortgage or deed of trust follows the debt and is an incident thereto and security therefor. Furthermore, C. S., 437, subsec. 3, established a bar to the foreclosure of a

mortgage "after the power of sale became absolute or within ten years after the last payment on the same." And C. S., 2589 further provides that the power of sale in any mortgage or deed of trust "shall become inoperative, and no person shall execute any such power when an action to foreclose such mortgage or deed of trust . . . would be barred by the statute of limitations." It is manifest that the debt was barred; that is, unenforceable in the courts of this State, and the power of sale was barred by reason of the express mandate of the statute. Indeed, the question involved has been heretofore determined by correct interpretation of the principles of law contained in the following cases, to wit, *Graves v. Howard,* 159 N. C., 594, 75 S. E., 998; *Humphrey v. Stephens,* 191 N. C., 101, 131 S. E., 383; *Meadows v. Bryan,* 195 N. C., 398, 142 S. E., 487.

The plaintiff did not appeal from the instruction given by the trial judge upon the first issue, and consequently that phase of the case is eliminated.

Affirmed.