COMMERCIAL NATIONAL BANK OF CHARLOTTE, N. C., AND THOMAS D. OSBORNE, EXECUTORS OF THE ESTATE OF MARY D. OSBORNE, v. J. H. CARSON AND C. M. CARSON.

(Filed 12 December, 1934.)

**Mortgages F a—**

> The liability of the maker of a mortgage note to the payee thereof is not changed from that of principal to that of guarantor by the fact that the maker transfers his equity in the property to a third person who assumes the debt and the payee accepts from such third person partial payments on the note and extends the time of payment without the maker's knowledge.

APPEAL by defendants from *Hill, Special Judge,* at June Term, 1934, of MECKLENBURG. Affirmed.

The plaintiffs brought this action to collect a past-due bond. From the allegations contained in the complaint and answer it appears that the plaintiffs are the executors of the payee of said bond, and that the defendants are the makers thereof; that said bond was secured by a deed of trust, and that the defendant subsquently sold the land covered by said deed of trust to a third party, who assumed the payment of the bond; and that the plaintiffs, without the knowledge of the defendants, dealt with said third party by receiving partial payments on said bond and agreeing to certain extension of payments thereon. The defendants had said third party and the trustee in said deed of trust made parties to this action.

*H. L. Taylor and John H. Small, Jr., for appellants.*
*John M. Robinson and Hunter M. Jones for appellees.*

PER CURIAM. This is an appeal from a judgment awarded the plaintiffs upon the pleadings, and presents but one question, namely: Where the payee of a bond has dealt with a person, who, for valuable consideration, assumed the payment of the debt by accepting from him partial payments on the bond and extending the time of the payment thereof without knowledge of the makers, is the character of the makers, as between the payee and the makers, changed from that of principals to that of guarantors? This question is answered in the negative upon the authority of *Brown v. Turner,* 202 N. C., 227.

The present judgment does not preclude the defendants from proceeding in this action against him who is alleged to have assumed the payment of the bond, or to foreclose the deed of trust given to secure it, or to obtain any other relief to which they may be entitled against those whom they have had made parties thereto.

Affirmed.