CLAUDE LOWE AND WIFE, LELA LOWE, PORTER LOWE AND WIFE, HALLIE LOWE v. W. M. JACKSON, TRUSTEE, AND DAVID L. HIATT, SUBSTITUTE TRUSTEE FOR J. ANDERSON WHITAKER.

(Filed 29 January, 1965.)

**1. Appeal and Error § 49—**

Where there are no exceptions to the findings of fact, an appeal presents the questions whether the facts support the judgment and whether error of law appears on the face of the record.

**2. Contracts § 12—**

Where the language of a contract is plain and unambiguous it is for the court and not the jury to declare its meaning and effect.

**3. Contracts § 19; Mortgages and Deeds of Trust § 13—**

An instrument under which the purchaser of the equity of redemption agrees to pay the full amount of interest and principal due on notes there-

tofore executed by his grantor and secured by deeds of trust on the property, is not a novation, there being no element of a further consideration passing between the parties or a substitution of a new for an old debt.

**4. Mortgages and Deeds of Trust § 21—**

Where no payment of principal or interest is made on notes secured by deeds of trust for a period of ten years after maturity, the right to exercise the power of sale contained in the deeds of trust is barred, and the fact that in the interim the purchaser of the equity of redemption assumes the debt, without any payment, does not extend the period of limitation. G.S. 45-21.12.

APPEAL by defendants from *Gambill, J.,* June Session 1964 of SURRY.

On 20 June 1949, Claude Lowe and wife, Lela Lowe, executed their promissory note in the amount of $3,108.43, payable on 31 December 1949, to the order of John Anderson Whitaker, and as security therefor, simultaneously therewith executed a deed of trust to W. M. Jackson, trustee, on certain lands described in the complaint, which instrument was duly recorded in the Registry of Surry County, North Carolina, on 24 June 1949; that on 17 March 1950, the said Claude Lowe, and wife, Lela Lowe, and Porter Lowe, executed their promissory note in the amount of $695.73, payable on 1 December 1950, to the order of John Anderson Whitaker, and as security therefor, simultaneously therewith Claude Lowe and Lela Lowe executed a deed of trust on the same lands to David L. Hiatt, trustee, which instrument was duly recorded in the Registry of Surry County on 17 March 1950.

By deed dated 21 November 1957 and duly recorded 24 December 1957, plaintiffs Claude Lowe and Lela Lowe conveyed to their co-plaintiff Porter Lowe the identical lands encumbered by the deeds of trust above described. On 4 December 1957, Porter Lowe executed an instrument to the effect that having purchased the lands encumbered by the above deeds of trust, and no payments having been made on either of the aforesaid notes secured by said deeds of trust, Porter Lowe agreed "to pay the full sum of both notes amounting to $3,804.16, together with all accrued interest thereon." Subsequent thereto, John Anderson Whitaker died and said instrument was found among his valuable papers attached to the notes and deeds of trust, the subject of this litigation.

W. M. Jackson declined to act as trustee, and David L. Hiatt was appointed substitute trustee.

David L. Hiatt, as substitute trustee, on 15 January 1963, proceeded to advertise the lands involved for sale, pursuant to the power of sale contained in the original deed of trust executed on 20 June 1949.

This action was instituted on 12 February 1963 to restrain foreclosure under the aforesaid deeds of trust.

The defendants allege and contend that the agreement of Porter Lowe to pay said indebtedness constituted a novation.

The court below heard this matter on the pleadings and stipulation of the parties, and from the facts found therefrom and to which no exception was entered, the court held that the agreement of Porter Lowe did not constitute a novation and that more than ten years having elapsed since the execution of the original notes and deeds of trust, and on which no payments have been made to toll the statute of limitations, the right to foreclose thereunder is barred by the statute of limitations, and entered judgment restraining W. M. Jackson, trustee, and David L. Hiatt, substitute trustee for John Anderson Whitaker, from advertising for sale the lands described in the aforesaid deeds of trust or of exercising any other authority that they might have under said deeds of trust.

The defendants appeal, assigning error.

*Blalock & Swanson and C. Orville Light for plaintiff appellees.*
*Hiatt & Hiatt for defendant appellants.*

DENNY, C.J.  Since there is no exception to the findings of fact, the appeal presents only these questions: (1)  Do the facts found support the judgment, and  (2)  does any error of law appear upon the face of the record?  *Taney v. Brown,* 262 N.C. 438, 137 S.E. 2d 827; *Dellinger v. Bollinger,* 242 N.C. 696, 89 S.E. 2d 592.

" 'Novation' may be defined * * * as a substitution of a new contract or obligation for an old one which is thereby extinguished. * * * The essential requisites of a novation are a previous valid obligation, the agreement of all the parties to the new contract, the extinguishment of the old contract, and the validity of the new contract. * * *"  66 C.J.S., Novation, §§ 1 and 3, cited in *Tomberlin v. Long,* 250 N.C. 640, 109 S.E. 2d 365.

"Novation implies the extinguishment of one obligation by the substitution of another." *Walters v. Rogers,* 198 N.C. 210, 151 S.E. 188.

It is well settled that where the language of a contract is plain and unambiguous, it is for the court and not the jury to declare its meaning and effect. *Stewart v. McDade,* 256 N.C. 630, 124 S.E. 2d 822; *Products Corp. v. Chestnutt,* 252 N.C. 269, 113 S.E. 2d 587.

There is nothing in the agreement executed by Porter Lowe that tends to show an intention on his part to do anything more than to assume the indebtedness outstanding against the property he purchased from his co-plaintiffs.

"* * * (A) debt assumption agreement by the purchaser of the equity of redemption is not a novation of the mortgage note, there be-

ing no element of a further consideration passing between the parties or a substitution of a new for an old or subsisting debt. As between the mortgagor and his grantee assuming the debt, the mortgagor is a surety. But as between the mortgagor and the mortgagee he remains primarily liable for the mortgage debt when the mortgagee does not accept or rely upon the debt assumption agreement, even though the mortgagee accepts from the purchaser of the equity partial payments on the note and extends the time of payment without notice to the mortgagor. And the mortgagee, upon default may either sue *in rem* by foreclosure, or *in personam* on the note against the mortgagor and against the  purchaser of the equity of redemption on the contract made for the mortgagee's benefit. \* \* \*" Strong's North Carolina Index, Vol. 3, Mortgages and Deeds of Trust, § 15; *Bank v. Whitehurst*, 203 N.C. 302, 165 S.E. 793; *Brown v. Turner*, 202 N.C. 227, 162 S.E. 608.

There can be no doubt from the facts as found by the court below and as they appear in the record that the original notes and deeds of trust were executed and had matured more than ten years prior to the time defendant David L. Hiatt, substitute trustee, attempted to exercise the power of sale contained in the original deed of trust; nor can there be any doubt about the fact that both notes and deeds of trust securing them are barred by the statute of limitations, since no payment has been made on either of such notes. *Spain v. Hines*, 214 N.C. 432, 200 S.E. 25.

Under the provisions contained in G.S. 45-21.12, the right to exercise any power of sale contained in a deed of trust is barred after ten years from the maturity of any note or notes secured thereby, where no payments have been made thereon extending the statute.

This Court, in *Spain v. Hines, supra,* in construing the above statute, said: "This means, of course, that the power referred to in the statute must be exercised within the ten-year period following the maturity of the note, or from the last payment thereon. The evidence here shows no payment or other transaction which would take the note out of the bar of the statute of limitations, counting from its maturity." *Serls v. Gibbs,* 205 N.C. 246, 171 S.E. 56.

The findings of fact by the court below support the judgment and we find no error of law upon the face of the record. Therefore, the judgment of the court below will be upheld.

Affirmed.