THOMAS ROY HUFFMAN v. OCCIDENTAL LIFE INSURANCE COMPANY
OF RALEIGH, NORTH CAROLINA.

(Filed 28 April, 1965.)

**1. Insurance § 3—**

While ambiguities in a policy of insurance will be construed against insurer, policies, like all other written contracts, must be given a reasonable interpretation, and if the meaning of the parties from the language used is plain and unambiguous such meaning must be given effect.

**2. Same—**

While punctuation is ineffective to control the construction of a policy as against the plain meaning of its language, when the sense of the contract has been gathered from its words, punctuation may be used more readily to point out the division in the parts of the sentences.

**3. Insurance § 36—**

Provision of a policy that if insured sustained personal injury "effected solely through external, violent and accidental means . . ., and which results . . . in any of the losses enumerated in the schedule of losses and indemnities, which appears below, within 90 days thereafter, the company will pay . . .," *held* not to cover the loss of a foot suffered more than 90 days after accidental injury, the time limitation being valid and the policy being unambiguous that the loss must occur within the time specified after injury and not that insurer would pay within such time.

RODMAN, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Johnston, J.,* September 1964 Regular Session of WILKES.

Action to recover insurance benefits.

The complaint alleges these facts: On 29 November 1955 defendant Insurance Company issued to plaintiff a life insurance policy, number 202671, containing a "Supplement" in which "defendant agreed to pay to the plaintiff the sum of $2,500 . . . if plaintiff sustained personal bodily injury effected solely through external, violent and accidental means resulting in the loss of one foot." Plaintiff sustained such injury "resulting in the loss of his right foot on September 5, 1959." Plaintiff gave defendant timely notice, filed proof of loss, and demanded payment of said sum of $2500. Defendant refuses to pay. Plaintiff has paid the premiums, and the policy and supplement are in full force.

Defendant, answering, admits the issuance of the policy, payment of premiums by plaintiff, the policy and supplement are in force, and it has refused to pay the $2500 demanded. Defendant also admits that plaintiff "sustained a personal bodily injury effected solely through external, violent and accidental means, which injury resulted in the loss of plaintiff's right foot on September 5, 1959." But defendant avers that the said injury occurred on 4 March 1959, and the loss does not come within the coverage of the supplement for the reason that the loss of the foot did not result from the injury *within 90 days after the occurrence of the injury.*

After the jury had been impaneled the insurance policy was admitted in evidence by stipulation of the parties. Plaintiff then moved for judgment on the pleadings. The court dismissed the jury and entered judgment, the pertinent portions of which are as follows:

> "It . . . appearing to the Court that defendant contends that the personal bodily injury sustained by plaintiff resulting in the loss of plaintiff's foot occurred on March 4, 1959, which was more than ninety days from the date of the loss of plaintiff's right foot; and it further appearing to the Court that plaintiff contends and stated he had evidence that he sustained personal bodily injury within 90 days of the loss of his right foot.

> "The Court being of the opinion that as a matter of law the plaintiff is entitled to recover under said supplement . . . , irrespective of the date of plaintiff's personal bodily injury resulting in the loss of plaintiff's right foot, the Court construing and interpreting said supplement to said policy to the effect that within 90 days after the plaintiff's loss of his right foot, the defendant agreed to pay plaintiff . . . $2,500.00.

> "IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that plaintiff shall have and recover of the defendant the sum of $2,500.00 . . ."

*Ferree & Brewer and McElwee & Hall for plaintiff.*
*Whicker and Whicker and Smith, Leach, Anderson & Dorsett for defendant.*

MOORE, J.   The sole question for decision is whether the court below properly interpreted the applicable provision of the insurance policy.

The "Supplement" to the insurance policy provides: "It is agreed . . . that if the Insured . . . shall sustain PERSONAL BODILY INJURY which is effected solely through external, violent and accidental means . . . , and which directly and independently of all other causes results in any of the losses enumerated in the schedule of losses and indemnities, which appears below, within 90 days thereafter, the company will pay . . . to the Insured . . . :" (according to the schedule) $2500 for loss of one foot.

Plaintiff contends that there is ambiguity in the language employed, and one of the interpretations of which the supplement is reasonably susceptible is that insurer agrees to pay insured $2500 *within 90 days after loss of a foot.* On the other hand, defendant contends that the meaning is clear and unambiguous, and insurer agrees to pay insured $2500 if the loss of a foot results *within 90 days after the injury.*

The judge adopted plaintiff's interpretation and applied the rule that if the terms of an insurance policy "are susceptible of two interpretations, the one imposing liability, the other excluding it, the former is to be adopted and the latter rejected, because the policies having been prepared by the insurer, or by persons skilled in insurance law and acting in the exclusive interest of the insurance company, it is but meet that such policies should be construed liberally in respect of the persons injured and strictly against the insurance company." *Electric Co. v. Insurance Co.,* 229 N.C. 518, 50 S.E. 2d 295.

But "policies of . . . insurance, like all other written contracts, are to be construed according to their terms. If plain and unambiguous, the meaning thus expressed must be ascribed to them." *Electric Co. v. Insurance Co., supra.* Policies of insurance must be given a reasonable interpretation consonant with the apparent object and plain intent of the policies. *Parker v. Insurance Co.,* 259 N.C. 115, 130 S.E. 2d 36. In our opinion the pertinent terms of the subject policy are plain and unambiguous. From a consideration of the "Supplement" as a whole, it is clear that the intent is to indemnify insured for such specified loss as occurs within 90 days *after the injury* which, directly and independently of all other causes, gives rise to the loss.

We are confirmed in our opinion by the sentence structure and punctuation employed. It is true that punctuation or the absence of punctuation in a contract is ineffectual to control its construction as against

the plain meaning of the language. *Stanback v. Insurance Co.*, 220 N.C. 494, 17 S.E. 2d 666; *Real Estate Company v. Bland*, 152 N.C. 225, 67 S.E. 483. However, after the sense of the contract has been gathered from its words, punctuation may be used more readily to point out the division in the parts of the sentences. 17 Am. Jur. 2d, Contracts, § 279, p. 693. To such as may entertain any doubt as to the meaning of the "Supplement," the comma immediately following the phrase "within 90 days thereafter" should make the meaning crystal clear. The provision in question consists of a sentence containing a principal clause and a subordinate clause. The subordinate clause begins with the words "if the Insured"; the principal clause begins with the words "the Company will pay"; these clauses are separated by a comma. In the proper use of punctuation, subordinate or dependent clauses introduced by "if", "though", "when", "while", etc., are generally set off by commas. In the provision or sentence in question, the expression "which appears below" is a parenthetical phrase which is properly preceded and followed by commas, and the phrase and the commas could be omitted without affecting the meaning of the sentence. The words "within 90 days thereafter" is an adverbial phrase modifying "results." "Thereafter" means "after the injury." Stripping the sentence of parenthetical, limiting and explanatory phrases, it says this: If the insured shall sustain injury which results in loss of a foot within 90 days thereafter, the company will pay the insured $2500. It may also be stated thus: The company will pay to the insured $2500, if the insured shall sustain injury which results in the loss of a foot within 90 days thereafter (after the injury).

Time limitations in insurance policies, of less than 90 days, within which indemnifiable loss must occur from the date of an accident or injury, have been approved as to reasonableness by this Court. *Parker v. Insurance Co., supra; Clark v. Insurance Co.*, 193 N.C. 166, 136 S.E. 291.

The court below erred in construing the meaning of the contract. The cause is remanded to superior court for a determination whether the loss complained of occurred within 90 days after personal bodily injury, and, if so, whether such injury, directly and independently of all other causes, produced the loss.

Error and remanded.

RODMAN, J., took no part in the consideration or decision of this case.