[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO DISMISS
Shoreline Care Limited Partnership ("Shoreline") has brought the instant action in three counts against the Town of North Branford ("Town") complaining of the amount of the sewer assessment by the Town against real property it owns in North Branford. Attached to Shoreline's amended complaint as Exhibit A is an agreement, dated September 11, 1989 ("1989 agreement") concerning proposed sanitary sewer construction including the circumstances of the discharge of sewerage from this North Branford property Shoreline was developing at the time of the 1989 agreement. This agreement is between Shoreline and the Water Pollution Control Authority of North Branford ("WPCA"). The matter to be decided here is the Town's motion to dismiss Shoreline's complaint for lack of subject matter jurisdiction.
By way of background the Town maintains that this action is to be determined by contract principles and not by resort to the administrative appeal route, i.e. pursuant to provisions of Chapter 103 of the General Statutes (entitled "Municipal Sewer Systems") of which 7-249 ("Assessment of benefits") is a part. The Town arguing that Shoreline, could and has given up its statutory right of appeal, by virtue of the 1989 agreement which is alleged in Shoreline's complaint and, as noted, attached as an exhibit. This, indeed, Shoreline has done argues the Town because Shoreline reserved no right of appeal pursuant to Chapter 103 of the General Statutes in the 1989 agreement and, so the respective rights and obligations of the parties must be determined by contract law.
Crucial to the claims of the parties is paragraph 3 of the 1989 agreement which recites the following (after a preamble that CT Page 5369 states that "the parties hereto do mutually covenant and agree one with the other as follows. . .):
 "3. That the North Branford Water Pollution Control Authority shall recover from said property a special connection fee of $1050.00 per unit (subject to the right of the developer to appeal the assessment, as defined in the North Branford Sewer Authority Regulations to determine benefit assessments); and. . ." (underlining in original).
The Town also argues that because of this provision Shoreline's rights of appeal, if any, are to be found in the North Branford Sewer Authority Regulations ("Regulations"). A copy of these Regulations are before this court on this motion. Because these Regulations do not provide for an appeal to the Superior Court, the Town stressing its "the case must be decided on contract principles" claim, maintains that his court lacks subject matter jurisdiction and that the motion to dismiss must be granted because Shoreline surrendered and/or gave up its statutory right of appeal in the 1989 agreement.
Shoreline, on the other hand, maintains that its action is an appeal from the Town's assessment of $148,775.00 concerning sewers for which Shoreline has not and never will receive any benefit and that that assessment violates the provisions of General Statutes 7-249 ". . . and in the same language, the Regulations . . . of the Town's own Water Pollution Control Authority." It also maintains contrary to the Town's claims as to the reading of Paragraph 3 of the 1989 agreement that the language "as defined in the North Branford Sewer Authority Regulations to determine benefit assessments" modifies only the word "assessment" immediately preceding it, and separated from it by a comma. Contending that this is the only sensible reading to be given that provision, it argues that the word "assessment" is generally defined in the Regulations which, in turn, do not spell out any non-statutory appeal process. Shoreline states that paragraph 3 of the Resolutions of the North Branford Water Pollution Control Authority of February 7, 1989 (a copy of which is before this court) and from which paragraph 3 of the 1989 agreements is derived, evidences the inclusion of appeal language when the Resolution was approved by the North Branford Town council on that date. It must thus be assumed, argues Shoreline, CT Page 5370 that the members of that Authority who approved it knew at that time that there was no non-statutory appeal provisions in their own Regulations.
"Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in quantum belong." Shea v. First Federal Savings Loan Assn. of New Haven, 84 Conn. 285, 288 (1981); Lauer v. Zoning Commission, 220 Conn. 455, 460 (1991). Once the matter of lack of jurisdiction of a court is raised, it must be disposed of. See e.g. Carten v. Carten, 153 Conn. 603, 610 (1966). A motion to dismiss is the proper vehicle to assert the lack of subject matter jurisdiction. Practice Book 142, 143. Where it must be decided whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged. Killingly v. Connecticut Sitting Council, 220 Conn. 516, 522
(1991); Demar v. Open Space Conservation Commission, 211 Conn. 446,425 (1989).
There is no question that the parties executed the 1989 agreement nor that Regulations of the Town extant at that time did not provide for an appeal from an assessment of benefits such as was imposed by the Town against Shoreline in March 1992 of $148,755.00. There, was, however, at the time of the 1989 the statutory right of appeal as set out in General Statutes 7-249
and that right still exists. Parenthetically, we note that in 1991, after the 1989 agreement, the North Branford Water Pollution Control Authority repealed all previous regulations for the layout and/or assessment of sanitary sewers and enacted new regulations. One of the 1991 regulations in the section entitled "Final Levy of Assessments" included a provision that anyone aggrieved by an assessment may appeal that assessment to the Superior Court. That language in the 1991 Regulations tracks substantially the appeal provision in General Statutes 7-250.
The language of paragraph 3 of the 1989 agreement between, as noted, is crucial to the claims of the parties. We have examined the entire 1989 agreement to ascertain the sense of the agreement while keeping in mind the claims as to paragraph 3. The words used by the parties, must, of course, be accorded their common meaning and usage where they can sensibly be applied to the subject matter. See Swayze v. Swayze, 176 Conn. 323, 333
(1978). The language itself paragraph 3 is clear and upon being considered in context demonstrates that, as Shoreline claims, the word "as defined . . . benefit assessments" modifies only the word CT Page 5371 "assessments" immediately preceding it and not as the Town claims the "subject to the right of appeal . . ." language earlier in that clause. Here we point out what an "assessment" was at the time of 1989 agreement is fairly developed in the Town's Regulations extant in 1989 at which time those Regulations did not provide for an appeal. To accept the Town's claim here may be said to mean that Shoreline agreed to surrender a right to appeal in the Regulations which contained no such right. That view would render that a meaningless provision. We see nothing here to rebut the common view that parties ordinarily do not include meaningless provisions in their agreements. See A.M. Larson Co. v. Lawlor Ins. Agency, 153 Conn. 618, 621-622 (1966); Connecticut Co. v. Division, 425, 147 Conn. 608, 617 (1960). There, thus, was no surrender, waiver or abandonment by Shoreline in this 1989 agreement of its statutory right to appeal under 7-250 of a 7-249 assessment.
While the presence or absence of punctuation, generally cannot control the construction of plain language, once the sense of a contract has been gathered from its language, punctuation may be more readily used to assist in reading the contract to effectuate the contract purposes of the parties and to confirm its meaning. See Hoffman v. Accidental Life Insurance Co. of Raleigh, 141 S.E.2d 496, 498 (N.C. 1965); 17A Am.Jur.2d Contracts 370. Our conclusion is strengthened there because of the comma that is included in paragraph 3 between the words "assessment" and "as defined".
This court has subject matter jurisdiction in this case because it is properly here as an appeal from the Town's assessment of $148,755.00 under General Statutes 7-249 and7-250. The motion to dismiss is denied.
Arthur H. Healey State Trial Referee