INVESTORS TITLE INSURANCE COMPANY, PLAINTIFF v. HELEN BEAL MONTAGUE
F/K/A HELEN R. BEAL, DEFENDANT

No. COA00-120

(Filed 3 April 2001)

**Mortgages— assumption—deed of trust—condition of collecting on note**

A case involving assumption of a mortgage arising out of the purchase of a condominium is remanded for a determination of whether plaintiff is willing to assign the deed to defendant in order to collect from defendant on the note, because an assignee of a note and deed of trust who seeks to collect from the mortgagor is required to assign the deed of trust to the mortgagor as a condition of collecting on the note.

Appeal by plaintiff from judgment filed 17 November 1999 by Judge James L. Baker, Jr. in Mecklenburg County Superior Court. Heard in the Court of Appeals 20 February 2001.

*Horack, Talley, Pharr & Lowndes, P.A., by Robert B. McNeill, for plaintiff-appellant.*

*Kennedy Covington Lobdell & Hickman, by Roy H. Michaux, Jr., for defendant-appellee.*

GREENE, Judge.

Investors Title Insurance Company (Plaintiff) appeals a 17 November 1999 order granting summary judgment in favor of Helen Beal Montague f/k/a Helen R. Beal (Defendant) and denying Plaintiff's motion for summary judgment.

On 27 May 1982, Defendant executed a Deed of Trust (the Deed) to secure a Deed of Trust Note (the Note) on a loan made by the City of Charlotte to Defendant in the amount of $65,200.00. Defendant used the loan to purchase "Unit #8" in the Churchill Condominium (the Condo). On 12 June 1984, Defendant sold the Condo to Edna V. Johnson (Johnson). As part of the purchase price for the Condo, Johnson entered into an assumption agreement with Banker's Mortgage Corporation to assume the balance owing on Defendant's loan (the assumption agreement). The assumption agreement provided Defendant would "not be released of liability unless stated oth-

erwise." From the record, it appears the assumption agreement did not provide for the release of Defendant from liability.

Johnson died intestate in Mecklenburg County on 28 November 1993. Donald S. Gillespie, Jr. (Gillespie) was appointed as commissioner for the sale of Johnson's real property. On 7 March 1995, Gillespie sold the Condo to Norman A. Holmes (Holmes) for $64,000.00 and the Mecklenburg County Superior Court fixed 17 March 1995 as the last date for an upset bid. No upset bids were filed and on 21 March 1995, the superior court confirmed the sale of the Condo.

In 1996, the City of Charlotte instituted foreclosure proceedings on the Condo. Plaintiff provided title insurance to Holmes on the Condo, and pursuant to Plaintiff's insurance policy with Holmes, Plaintiff was required to pay off the Note.[1] Foreclosure proceedings were never completed and Plaintiff was assigned the Deed and the Note in August 1997. On 30 October 1997, Plaintiff informed Defendant by letter that it had "received an [a]ssignment of the Note and [the] Deed" and demanded Defendant pay "$64,907.26 excluding interest from June 11, 1996." On 9 September 1998, Plaintiff again contacted Defendant by letter and requested Defendant pay the balance of the Note. Plaintiff further informed Defendant that if the balance of the Note was not paid in full within five days, Plaintiff had the option of recovering attorney's fees in the event Plaintiff brought suit to enforce the Note.

Defendant made no payments on the Note and Plaintiff instituted suit against Defendant on 30 September 1998. Defendant's answer alleged: Defendant never received demand for payment on the Note, other than a demand from Plaintiff; Defendant was not a party to the foreclosure proceedings and did not have actual notice to such proceedings; and Plaintiff has not offered to assign the Deed and the Note to Defendant upon payment. Defendant moved for summary judgment on 14 October 1999 and Plaintiff moved for summary judgment on 5 November 1999. On 16 November 1999, at a hearing on the parties' motions for summary judgment, the trial court denied Plaintiff's motion for summary judgment and allowed Defendant's motion for summary judgment.

The dispositive issue is whether an assignee of a note and deed of trust, who seeks to collect from the mortgagor, is required to assign

---

1. Plaintiff insured Holmes against any outstanding debts or liens on the Condo.

the deed of trust to the mortgagor as a condition of collecting on the note.

Defendant argues Plaintiff must assign Defendant the Deed in order to collect payment on the Note. Plaintiff, however, contends that it is under no obligation to assign the Deed to Defendant upon payment of the Note. We agree with Defendant.

A person who assumes a mortgage becomes the principal debtor and the mortgagor becomes the surety on the debt, *Wachovia Realty Investments v. Housing, Inc.*, 292 N.C. 93, 105, 232 S.E.2d 667, 674 (1977), and, thus, the mortgagor "remains liable to the mortgagee as the debtor to whom the credit was directly extended," *Brown v. Turner*, 202 N.C. 227, 229, 162 S.E. 608, 609 (1932). In the event of a default, the mortgagee, or the holder of the promissory note, has the right to either bring an action *in personam*, choosing to go after the debtors, or may bring an action *in rem*, choosing to foreclose on the property. *Id.* at 230, 162 S.E.2d at 609. If the mortgagee brings an action against the mortgagor and the mortgagor pays the debt, the mortgagor is subrogated to the rights of the mortgagee against the person who assumed the mortgage. *Hatley v. Johnston*, 265 N.C. 73, 83, 143 S.E.2d 260, 267 (1965). The mortgagor has several options of seeking reimbursement. He may bring an action to foreclose on the property, sue to recover the land, or bring an action against the person who assumed the mortgage. *Id.*

In this case, there is no dispute Defendant remains liable on the Note. If Defendant is called on to pay the Note, however, she is entitled to all the rights and privileges contained in the Deed, including the right to foreclose on the property named in the Deed. Thus, Defendant's obligation to pay pursuant to the Note is conditioned upon her obtaining the right to foreclose on the property named in the Deed. If Plaintiff is not willing to assign its rights in the Deed to Defendant, summary judgment for Defendant is proper. If Plaintiff is willing to assign its rights in the Deed to Defendant, it is entitled to collect from Defendant on the Note and summary judgment would not be proper. Although Plaintiff argues in its brief to this Court that it has no obligation to assign the Deed to Defendant, as a condition of collecting on the Note, Plaintiff nowhere concedes it is not willing to assign the Deed to Defendant if that is what is required to collect on the Note.[2] Accordingly, this case must be remanded for

---

2. It does appear, however, it would be unlikely for Plaintiff to assign the Deed to Defendant, as this would result in the foreclosure of property which it insured.

ALEXANDER HAMILTON LIFE INS. CO. OF AM. v. J&H MARSH & McCLENNAN, INC.

[142 N.C. App. 699 (2001)]

a determination of whether Plaintiff is willing to assign the Deed to Defendant.

Defendant asserts two other grounds to support summary judgment in her favor. We reject each of these arguments. First, the City of Charlotte had no obligation to provide Defendant with notice of the foreclosure proceeding, as mandated by section 45-21.16(a), because the foreclosure never progressed to a hearing before the clerk of the superior court. Second, when Plaintiff paid the City of Charlotte and took assignment of the Note and the Deed it did not release the property from the Deed. Thus Defendant, as the mortgagor, was not released from her obligation on the Note. *See* N.C.G.S. § 45-45.1(2) (1999) (mortgagor is released "to the extent of the value of the property released").

Remanded.

Judges McCULLOUGH and HUDSON concur.