CB&H BUSINESS SERVICES, L.L.C., Plaintiff v. J.T. COMER CONSULTING, INC. and CBH PENSIONS, INC., Defendants

No. COA06-1383

(Filed 17 July 2007)

**Contracts— sale of business—change of name**

Changing the name of a business which had been sold from "CB&H" to "CBH" did not comply with the agreement's provision allowing the buyer to use the seller's "CB&H" name for only one year and requiring the buyer to change the name after that time. The clear purpose of the agreement was to allow the buyer to transition the business to itself, ceasing use of the old name (the letters were not random, but stood for the name of the established firm) and using its own name. Defendant attempted instead the subterfuge of removing the ampersand from the name. The trial court should have enforced the agreement, and erred by granting summary judgment for defendants.

Judge STEPHENS dissenting.

Appeal by plaintiff from judgment entered 28 July 2006 by Judge Robert P. Johnston in Mecklenburg County Superior Court. Heard in the Court of Appeals 23 April 2007.

*Hamilton Moon Stephens Steele & Martin, P.L.L.C., by T. Jonathan Adams and Mark R. Kutny, and McSweeny, Crump, Childress & Gould, P.C., by R. Paul Childress, Jr. and Katrina Clark Forrest, for plaintiff-appellant.*

*Arthurs & Foltz, by Douglas P. Arthurs, for defendants-appellees.*

STEELMAN, Judge.

The presence of quotation marks around a phrase in a contract does not require a court to construe the phrase in a technical sense. The trial court erroneously granted summary judgment for defendants in this matter.

## Background

The facts in this matter are not in dispute. On 14 December 2001, CB&H Business Services, L.L.C. ("plaintiff"), and J.T. Comer Consulting, Inc. ("Comer"), entered into an Asset Purchase

Agreement ("agreement"). The agreement provided for plaintiff to sell to Comer its pension administration division, CB&H Employee Benefits Group, in exchange for $400,000.00. The term "CB&H" refers to the accounting firm Cherry, Bekaert and Holland, LLP, which joined in the agreement for the sole purpose of agreeing not to compete with Comer for a period of five years. Two sections of the agreement referenced Comer's use of the name CB&H:

> 2.6 <u>Goodwill.</u> The goodwill associated with the Business, the exclusive right of Buyer to represent itself as carrying on the Business previously conducted by Seller, except as otherwise agreed herein, the right for one (1) year following closing to use the names CB&H Employee Benefits Group and CB&H Pension Services, Inc. owned by seller. . . .

> 13.2 <u>Successors and Assigns.</u> Neither this Agreement nor any of the rights or obligations hereunder may be assigned by a party without the written consent of the other party. Subject to the foregoing, the provisions hereof shall inure to the benefit of, and be binding upon, the successors, permitted assigns, heirs, executors and administrators of the parties hereto. Provided, however, Buyer is hereby authorized to assign its rights under this contract to an affiliate which is in the process of being formed under the name of CB&H Pension Services, Inc. so long as the name of this corporation is changed one (1) year following Closing to remove "CB&H" from its name.

On or about 11 December 2001, CB&H Pension Services, Inc., a new North Carolina corporation, was formed by filing of articles of incorporation with the Secretary of State. Comer assigned its rights under the agreement to the new corporation. By letter dated 13 August 2002, the North Carolina CB&H Pension Services, Inc., submitted to plaintiff its new logo and proposed name of "CBH Pensions" (with no ampersand). The letter stated "Please advise that the change is acceptable under our CB&H contract." On 28 August 2002, plaintiff wrote to counsel for Comer and the North Carolina CB&H Pension Services, Inc. (together, hereinafter "defendants"), and advised "we do not believe that the elimination of the ampersand sign, retaining CBH is in the spirit of our agreement per Section 13.2." By subsequent letter, plaintiff advised defendants that plaintiff's former clients were confused as to whether plaintiff was still handling their accounts. Under the terms of the agreement defendants were required to remove "CB&H" from the name of the North Carolina CB&H Pension

Services, Inc., by 14 December 2002. On 5 February 2003, the name of the North Carolina CB&H Pension Services, Inc., was changed to CBH Pensions, Inc.

On 30 November 2005, plaintiff filed a complaint against Comer and its assignee CBH Pensions, Inc., seeking: (1) specific perform-ance of the terms of the agreement; (2) a declaratory judgment that defendants breached the agreement and should be required to remove any reference to CBH or any variation from their corporate name; (3) costs; (4) attorney fees; and (5) interest. Plaintiff asserted no claim for monetary damages. On 7 June 2006, defendants filed a motion for summary judgment. On 30 June 2006, plaintiff filed a motion for summary judgment. On 25 July 2006, the trial court granted defendants' motion for summary judgment and dismissed plaintiff's complaint with prejudice. Plaintiff appeals.

## Analysis

In its sole argument on appeal, plaintiff contends that the trial court erroneously denied its motion for summary judgment. We agree.

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2005). "On appeal, an order allowing summary judgment is reviewed *de novo*." *Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 470, 597 S.E.2d 674, 693 (2004).

Contracts must be interpreted according to their entirety or "four corners." *Stephens Co. v. Lisk*, 240 N.C. 289, 293, 82 S.E.2d 99, 102 (1954) (internal citation omitted). "It is well settled that where the language of a contract is plain and unambiguous, it is for the court and not the jury to declare its meaning and effect." *Lowe v. Jackson*, 263 N.C. 634, 636, 140 S.E.2d 1, 2 (1965). "The heart of a contract is the intention of the parties, which is to be ascertained from the expressions used, the subject matter, the end in view, the purpose sought, and the situation of the parties at the time." *Gould Morris Electric Co. v. Atlantic Fire Insurance Co.*, 229 N.C. 518, 520, 50 S.E.2d 295, 297 (1948). "[P]unctuation or the absence of punctuation in a contract is ineffectual to control its construction as against the plain meaning of the language." *Huffman v. Occidental Life Ins. Co.*, 264 N.C. 335, 337-38, 141 S.E.2d 496, 498 (1965); *see also* 17A Am.

Jur. 2d *Contracts* § 366 (2006).

Defendants assert that because the term "CB&H" is surrounded by quotation marks in section 13.2 of the agreement that this requires that we give it a technical meaning. They argue that any modification of the term "CB&H" changes the term, and that the removal of the ampersand complies with the agreement. In support of this argument, defendants cite the case of *Rawls v. Rideout,* 74 N.C. App. 368, 328 S.E.2d 783 (1985), for the concept that: "Generally words set off in quotation marks should be given their technical meanings." We have thoroughly reviewed *the Rawls* case and can find no such holding, either express or implied, in that opinion. *Rawls* does discuss punctuation, but discusses parentheses, and not quotation marks. It holds that "parentheses are used to set off supplementary or illustrative material; they 'tend to minimize the importance of the elements they enclose.' " *Id.* at 372, 328 S.E.2d at 786 (internal citation omitted). We find this holding to be inapplicable to the issues presented in the instant case.

A review of the entire agreement in the case *sub judice* reveals that Comer or its assigns could use the names "CB&H Employee Benefits Group" and "CB&H Pension Services, Inc.," for a period of one year following 14 December 2001. The clear purpose of this provision was to allow Comer to transition the business from plaintiff to itself. The letters "CB&H" were not random letters in the names of these entities. They stood for "Cherry, Bekaert & Holland," a well-known and established firm of certified public accountants. At the end of one year, Comer and its assigns were to cease using "CB&H" in their name, and use their own name. This, defendants were not willing to do. Instead, defendants attempted to engage in the subterfuge of removing the ampersand from the name, and asserting that this complied with the provisions of section 13.2 of the agreement. This is nonsense. The critical portion of the name was not the ampersand, but the letters C-B-H, which stood for Cherry, Bekaert & Holland. It is clear from reading the entire agreement which includes the non-compete clause executed by Cherry, Bekaert & Holland, LLP, that this was the intent of the parties. The trial court should have enforced the agreement and its failure to do so was error.

We do not reach defendant's argument that ambiguities in an agreement should be construed against the drafter because we hold that there is no ambiguity in the agreement. *See Novacare Orthotics & Prosthetics E., Inc. v. Speelman,* 137 N.C. App. 471, 476, 528 S.E.2d 918, 921 (2000).

## Conclusion

The trial court's order granting summary judgment in favor of defendants and dismissing plaintiff's complaint is reversed. This matter is remanded to the trial court for entry of judgment in favor of plaintiff, directing that defendants shall immediately remove any reference to "CBH" or any variation thereof from their corporate names or aliases. There being no basis for attorney's fees asserted in the complaint, and there being no claim for monetary damages, and thus no basis for an award of interest, the trial court's dismissal of these claims is affirmed.

REVERSED in part, AFFIRMED in part.

Chief Judge MARTIN concurs.

Judge STEPHENS dissents in a separate opinion.

STEPHENS, Judge, dissenting.

In its sole argument on appeal, Plaintiff contends that the trial court erroneously denied its motion for summary judgment. I disagree.

"It is the simple law of contracts that as a man consents to bind himself, so shall he be bound." *Troitino v. Goodman*, 225 N.C. 406, 414, 35 S.E.2d 277, 283 (1945) (quotations and citations omitted). "Whenever a court is called upon to interpret a contract its primary purpose is to ascertain the intention of the parties at the moment of its execution." *Lane v. Scarborough*, 284 N.C. 407, 409-10, 200 S.E.2d 622, 624 (1973) (citations omitted). "If the plain language of a contract is clear, the intention of the parties is inferred from the words of the contract." *Walton v. City of Raleigh*, 342 N.C. 879, 881, 467 S.E.2d 410, 411 (1996) (citing *Lane*, 284 N.C. at 410, 200 S.E.2d at 624-25). "When the language of a contract is clear and unambiguous, effect must be given to its terms, and the court, under the guise of constructions, cannot reject what the parties inserted *or insert what the parties elected to omit*." *Weyerhaeuser Co. v. Carolina Power & Light Co.*, 257 N.C. 717, 719, 127 S.E.2d 539, 541 (1962) (emphasis added) (citing *Hartford Acc. & Indem. Co. v. Hood*, 226 N.C. 706, 710, 40 S.E.2d 198, 201 (1946)).

The language of the contract in the case at bar is plain, unambiguous, and clear. One year following closing, CB&H Pension

Services, Inc. was required "to remove 'CB&H' from its name." The contract does not require CB&H Pension Services, Inc. to change its name such that it cannot "easily be confused with a CB&H entity[,]" nor does it require CB&H Pension Services, Inc. "to remove 'CB&H' *or 'CBH'* from [its] name[,]" (emphasis added) as Plaintiff contends. The majority takes Plaintiff's contentions one step further, however, concluding that Defendants must "remove any reference to 'CBH' *or any variation thereof* from their corporate names or aliases." (Emphasis added). This is illogical. Surely the contract does not prevent Defendants' use of "BHC"—a "variation" of "CBH"—in a corporate name. Plaintiff and the majority would have this Court insert words into an otherwise plain and unambiguous agreement. It would have been a simple matter for the parties themselves to insert such words into their agreement. This, the parties did not do. This Court should not do it for them. I vote to affirm the trial court.